## BISHOP and another *against* HOLCOMB.

In order to perfect an assignment of a chose in action, as against *bona fide* creditors and purchasers, notice of such assignment must be given to the debtor, within a reasonable time.

But an assignment of a chose in action without notice to the debtor, is valid as between the parties ; and no person having knowledge of the assignment, can sustain the character of a *bona fide* creditor for the purpose of defeating it.

Therefore, where *A* being indebted by note not negotiable to *B*, *B* assigned it, for a valuable consideration, to *C*, without notice to *A* ; after which *D*, a creditor of *B*, having knowledge of such assignment, attached such note, by process of foreign attachment, as still the property of *B* ; it was held, that *D*, not coming in a *bona fide* character, could not prevail against the assignment.

THIS was a *scire-facias* in a process of foreign attachment, stating, that the plaintiffs brought their action of book debt, by writ dated the 26th of *September*, 1831, to the county

court of *Litchfield* county, holden on the 3rd *Tuesday* of *De-cember*, 1831, against *Robert Hine*, an absent and abscond-ing debtor, and so described ; that a true and attested copy was left with *Frederick Holcomb*, (the present defendant,) attorney and debtor to said *Hine ;* that in *April*, 1832, the plaintiffs recovered judgment against *Hine*, for the sum of 216 dollars, 96 cents, damages, and 9 dollars, 29 cents, costs ; that the execution issued on this judgment was returned *non est* as against *Hine,* and a demand was made of the defendant, who refused to pay, &c.   The defendant pleaded, that he was not the attorney or debtor of said *Hine ;* on which issue was joined.

The cause was tried at *Litchfield*, *February* term, 1835, before *Bissell*, J.

On the 14th of *September*, 1831, *Robert Hine* gave the defendant his promissory note for 130 dollars, payable to the defendant in four months ; and this note, when the copy of the plaintiffs' original writ against him was left in service with the defendant, on the 26th of *September*, 1831, had become due and was unpaid.   The defendant insisted, and claimed to have proved, that on the 16th of *September*, 1831, *Robert Hine,* for a valuable consideration, assigned and delivered said note to *David Buckingham*, since deceased, and that, at the time of trial, it was the property of his representatives ; and that before a copy of the original writ was left with the defendant in service, the plaintiffs had notice of the assignment.   There was no evidence, however, to prove, that the defendant had notice of the assignment until after the copy had been left in service with him.

The plaintiffs claimed, that if *Buckingham* had a reasonable time to notify the defendant of the assignment, before the service of the writ on him, and had neglected to give such notice, the assignment was imperfect and void as against the plaintiffs, who were attaching creditors ; and prayed the court so to instruct the jury.   But the court charged the jury, that if they should find, that said note was, *bona fide*, for a valuable consideration, assigned to *Buckingham*, and that the plaintiffs had notice of such assignment before the service of their writ on the defendant, by leaving a copy with him, they ought to return a verdict in his favour.

The jury found for the defendant ; and the plaintiffs moved for a new trial for a misdirection.

*Litchfield,*
June, 1834.
————
Bishop
*v.*
Holcomb.

*Curtiss* and *O. S. Seymour,* in support of the motion, contended, That this being a note not negotiable, notice to the debtor was an essential part of the assignment, and until this was given, the assignment was, at most, but inchoate, and the defendant remained the debtor of *Hine. Tudor* & al. v. *Perkins,* 3 *Day,* 364. 376, 7. *Judah* v. *Judd,* 5 *Day,* 534. *Garlick* v. *Bronson,* in the superior court.

2. That the plaintiffs' knowledge of the actual state of things, at the time of their attachment, ought not to exempt the case from the operation of the general rule. The plaintiffs being *bona fide* creditors, and finding this property of their debtor ineffectually transferred, had a right to avail themselves of their superior diligence in securing it to themselves. They are in equal equity with *Buckingham,* and better in right. The general rule being plain and well established, it is dangerous to fritter it away, by exceptions. In this case, its integrity will best subserve the purposes of substantial justice.

*C. B. Phelps,* contra, was stopped by the court.

CHURCH, J. The motion presents this case. The defendant was indebted to *Hine,* the absconding debtor, by note of one hundred and thirty dollars, which was not negotiable, and which was unpaid, when the original process of foreign attachment was served. Before the service of the original writ, however, *Hine* had, for a valuable consideration, sold and assigned the note in question to *Buckingham,* to whom, or to whose representatives, it has ever since belonged. *Buckingham* had given no notice of this assignment to the present defendant, the maker of the note; yet the plaintiffs had notice of it before they attempted to attach this debt, by process of foreign attachment. This controversy is between the plaintiffs, the attaching creditors, and the representatives of *Buckingham,* the assignee of the note, although *Holcomb,* the maker of the note, is nominally, as defendant, a party to the dispute.

It is important to notice, that there is no claim of fraud in the assignment of the note by *Hine* to *Buckingham.*

It must be admitted, we think, in conformity with the principles heretofore recognized in this state, and established in *England* as settled law, in order to perfect an assignment of a

*Litchfield,*
June, 1835.

Bishop
*v.*
Holcomb.

chose in action, at least as against *bona fide* creditors and purchasers, that notice of such assignment must be given to the debtor within *reasonable time.* Until such notice is given, the debt remains in the order and disposition of the assignor ; and third persons, who may become interested in it, have no means of becoming informed of its state and situation. The want of the precaution of giving such reasonable notice is a neglect, on the part of the assignee, which will postpone his claims to all the rights and equities of the debtor himself, and to the subsequently acquired *bona fide* rights of creditors and purchasers. And the same principle is the governing one in the frequent and well known cases of the neglect of a grantee to record his deed within reasonable time. 1 *Sw. Dig.* 437. *Tudor* & al. v. *Perkins,* 3 *Day,* 364. *Judah* v. *Judd,* 5 *Day,* 534. *Ryall* v. *Rolle,* 1 *Atk.* 177. *Williams* v. *Tharp,* 2 *Simons,* 257. 568. *Dearle* v. *Hall* and *Loveridge* v. *Cooper,* 3 *Russ.* 1. 1 *Chitt. Gen. Pr.* 106. 107. 108.

But though such is the general principle, the facts disclosed in this case, show, that the plaintiffs cannot avail themselves of it. Other and equally well known principles exclude the plaintiffs from deriving any advantage from the neglect of the assignee to give notice to the debtor of the assignment of the note. No person is entitled to take advantage of such neglect, who does not come in a *bona fide* character : he only who is presumed to have been misled, by the neglect, can take advantage of it. An assignment of a chose in action, as well as an unrecorded deed, is good between the parties to it, if notice has not been given to the debtor ; and such assignment gives an equitable interest to the assignee, which will be protected against all but such as have superior equities. The plaintiffs' knowledge of the assignment and of *Buckingham's* claim upon the note, destroys their pretensions as *bona fide* claimants : they come in a *mala fide* character to defeat rights, which they knew existed in another. The neglect to give notice to the debtor has not misled them ; what the debtor did not know, they knew ; and their conduct in attaching this debt has not been in good faith, and presents no claims or equities, which can destroy the effect of the assignment, as it existed between the parties to it. 1 *Sw. Dig.* 127. *Jackson* v. *Burgott,* 10 *Johns. Rep.* 457. 4 *Kent's Com.* 448.

*Litchfield,*
June, 1835.
━━━━━━━━
Bishop
*v.*
Holcomb.

We are of opinion, therefore, that a new trial ought not to be granted.

In this opinion the other Judges concurred.

New trial not to be granted.