# DUNCKLEE & a. v. THE GREENFIED STEAM MILL CO.

Where A. was a partner in a firm, and also director in a corporation, and it was agreed by the corporation that if they should procure the money on a certain note, that a debt due from them to the partnership should be paid out of the money; and A., in his capacity of director, procured the money and paid over to the firm a portion of the debt, but not all, and appropriated the rest of the money to other purposes, which did not appear — *held*, that the debt could not be regarded as satisfied, beyond what was actually paid.

In the absence of fraud between the assingor and assignee, the assignment of a chose in action, will be good against all defences, that did not in equity exist at the time of the assignment; and the equitable interest of the assignee will be protected in courts of law against all interference by the original parties.

Where A. & B., partners in a firm, for a good consideration, assigned to C. certain claims of book account against a company, and B., subsequently to the assignment, but under a previous date, receipted and discharged the account — *held*, that the discharge was null and void, and that the assignee could recover the demand.

ASSUMPSIT, on an account annexed to the writ. The case was committed to an auditor, and so much of his report as is necessary for a decision of the same, is here given.

On the fifteenth day of March, 1847, John J. Duncklee, and John Jones entered into co-partnership under the name of J. J. Duncklee & Co., and up to the fourteenth of August, 1847, they had sold and delivered to the Steam Mill Company, goods to the amount of $340.34.

At that time, the fourteenth of August, 1847, John J. Duncklee, one of the plaintiffs, Stephen Holt, Jr., and Hermon Abbott,

were the directors of the Steam Mill Company, and they, on that day, in pursuance of a vote of the Steam Mill Co., made a note signed by them jointly and severally in their individual capacity to the New-Ipswich Bank, for $2500. The directors, at the time the note was made, agreed that if the money could be procured from the bank for the Steam Company, the debt then due the plaintiffs should be paid ; and John J. Duncklee, as one of the directors, took the note to the bank and received therefor, the sum of $2425. On the seventeenth of August, 1847, Duncklee paid to J. J. Duncklee & Co., and credited on their books to the Steam Company, the sum of $25.00 ; on the twenfourth of August, he paid and credited as above, the sum of $32.00 ; on the twenty-fifth of August, there was credited on the books of Duncklee & Co., the sum of $100 ; on the twentysixth, $5.00, and on the twenty-eighth, $3.81. There was also credited to the Steam Co., in the same month, two other small items, amounting to $2.37, making the whole amount of the credits to be $268.18. Deducting this sum from the $340.34, there would be due the plaintiffs on the thirtieth of August, 1847, the sum of $72.16.

The auditor then says : " I find that John J. Duncklee, never paid, or appropriated, any other of the money he received from the bank, as aforesaid, towards the said claim of John J. Duncklee & Co., unless the receipt of the money from the bank, by Duncklee under the circumstances above set forth, and what is hereinafter stated, constituted a payment in point of law. I find that John J. Duncklee, appropriated and paid out all the money he received from the bank, within three weeks after he received it ; but it is not found to what uses the money was appropriated, but he did not appropriate the same to the debt of the plaintiffs, except as above stated."

After said fourteenth day of August, 1847, the plaintiffs sold and delivered to the Steam Mill Co., goods to the amount of $436.45, and the Steam Mill Co., on the eighth of October, following, paid the plaintiffs, towards the same, the sum of $30.00, leaving a balance of $406.45, due the plaintiffs from the defendants, for goods sold after the fourteenth of August, 1847 ; add

this to the $72.16, before stated, and it will make the sum of $478.61.

Early in October, 1847, the Steam Mill Company appointed auditors to settle the accounts of the directors, and John J. Duncklee presented the account due J. J. Duncklee & Co., to the auditors, to account for the funds of the Steam Company in his hands. The auditors took a minute of the balance towards the funds Duncklee had in his hands, belonging to the Steam Company, and he was then indebted to the Steam Company over and above this account, but no settlement was then made of the balance either way. Duncklee took the bill of the articles, that had been drawn off, as due J. J. Duncklee & Co., and carried it away unadjusted.

On the twelfth of November, 1847, John J. Duncklee, and John Jones, the plaintiffs, assigned the demand or claim they had against the Steam Company, together with other demands, to Joseph Jones, to secure the payment of three notes of five hundred dollars each, that he held against John Jones; and Duncklee and John, both declared to Joseph, at the time of the assignment, that the Steam Company was indebted to them according to the account which was then exhibited. At the time of the assignment, Duncklee was one of the directors of the Steam Company, and Holt and Abbott, the other two directors, were notified of the assignment, the next day after it was made. After this assignment, and notice to the directors of the same, Duncklee, under date of October 12th, 1847, gave a receipt upon the bill which he had, in the name of John J. Duncklee & Co., to the Steam Milll, discharging this claim; but no money was ever paid by the Steam Mill Company in consideration of the discharge, except as above stated.

The auditor found that the suit was prosecuted by Joseph Jones, for his benefit, and that there was due the plaintiffs, at the date of the writ, the sum of $478.61, being the amount of the two sums of $72.16, and $406.45; unless the court should be of opinion that the facts disclosed in the report required a different result.

*D. Clark*, for the plaintiffs.

*G. Y. Sawyer*, for the defendant.

EASTMAN, J. The finding of the auditor, in this case, presents the claims of the plaintiffs, and the questions arising upon the same, under two heads, and we shall consider them in the order stated.

In the first place, the report finds due the plaintiffs, on the fourteenth of August, 1847, for goods sold and delivered to the defendants, prior to that time, the sum of $340.34. At this time, John J. Duncklee was a member of the firm of J. J. Duncklee & Co., the plaintiffs, and also one of the directors of the Steam Mill Company, the defendants. The firm consisted of Duncklee, and John Jones. Duncklee could transact business in a three-fold capacity; as a member of the partnership, as a director in the corporation, and as an individual.

On that day, the directors of the Steam Mills, made a note to the New-Ipswich Bank for $2500, signed by them jointly and severally, in their individual capacity, and at the same time agreed that if the money could be procured from the bank, the debt due the plaintiffs should be paid. This note, the auditor finds, was taken to the bank, and the money procured thereon, by Duncklee, " as one of the directors " of the Steam Mills. The fact does not appear in the report, but probably, after the note was signed by the directors, as individuals, some arrangement was made by which it became the property of the corporation. Of this money procured at the bank, as we understand the facts, about $265.00, and no more, were paid over by Duncklee to the plaintiffs, and credited on their books. This sum together with some other small items of set-off, being allowed, would leave $72.16 of the $340.34, unsatisfied, and now due; unless the receipt of the money at the bank, by Duncklee, under the agreement, before the note was discounted, that the plaintiffs' debt should be paid, can operate as a payment of the whole sum then due. And we think it cannot. Duncklee took the note to the bank, as agent of the directors. They entrusted him with

the business, and the money when procured was theirs; but he might appropriate it to his own private purposes, (wrongfully of course,) or he might pay over to the firm, the amount of their debt and return the balance to the directors or treasurer of the corporation, or he might pay the whole to the corporation. The latter course, was undoubtedly the correct one. What Duncklee did with the money, does not appear. The auditor finds, that he paid out and appropriated the whole within three weeks after its reception, but to what purposes he does not find, only that he did not appropriate it to the debt of the plaintiffs, beyond the $265.00. The defendants themselves, for aught that appears, may have had the whole of the balance, or Duncklee may have used it for his private purposes. At all events, inasmuch as the plaintiffs have received only the $265.00, we think we are not called upon to say, that in view of all the facts, they shall be compelled to allow beyond that sum. To arrive at the conclusion that the whole debt must be regarded as paid, we must hold, that, notwithstanding Duncklee took the note to the bank, as one of the directors, yet the reception of the money wrought an instantaneous change in his legal position, from that of director or agent of the corporation, to that of partner in the firm. This we are not prepared to do.

We will now pass to the consideration of the second general matter stated by the auditor. Subsequently to the fourteenth of August, 1847, and prior to the twelfth of November, following, the plaintiffs sold, and delivered to the defendants, goods to the amount of $436.45; and the defendants paid towards the same, on the eight of October, 1847, thirty dollars; leaving a balance of $406.45, due the plaintiffs. In the early part of October, the Steam Mill Company appointed auditors to settle the accounts existing between them and Duncklee, and he at that time presented the claims of Duncklee & Co., to account for the funds of the defendants in his hands. It appears that Duncklee was, at that time, indebted to the Steam Company, over and above the account of the firm, but no settlement was then made. On the twelfth of November, 1847, Duncklee and John Jones, the plaintiffs, assigned the claims they had against the Steam Company,

together with other demands, to Joseph Jones, the real plaintiff in this suit, to secure the payment of notes which he held against John Jones. Both of the assignees declared at the time of the assignment, that the Steam Company were indebted to them according to the account. Duncklee was then a director of the company, and the other directors were notified of the assignment, the day after it was made. But after this assignment and notice, Duncklee, under date of October 12th, 1847, receipted and discharged the plaintiff's claim against the company, without any real consideration being paid. Such, is a succinct statement of the facts ; and it appears to us quite clear that the company have no reliable defence to this branch of the claim. After the assignment and notice, the demands became the property of Joseph Jones and were not subject to be defeated by any subsequent action by the partnership or the corporation. In the absence of fraud between the assignors and assignee, and none is here suggested, the assignment was good against all defences that did not in equity exist at the time it was made. The equitable interest of assignees is protected in courts of law against all interference of the original parties, after notice of the assignment. *Sanborn* v. *Little*, 3 N. H. Rep., 539 ; *Jones* v. *Witter*, 13 Mass. Rep., 304 ; *Jenkins* v. *Brewster*, 14 Mass. Rep., 291 ; *Sweet* v. *Green*, 4 Greenl. Rep., 384 ; *Briggs* v. *Dorr*, 19 Johns. Rep., 95 ; *Anderson* v. *Van Alen*, 12 Johns. Rep., 343 ; *Johnson* v. *Bloodgood*, 1 Johns. Ca., 51 ; *Andrews* v. *Beecker*, 1 Johns. Ca., 411 ; *Raymond* v. *Squire*, 11 Johns. Rep., 47 ; *Bishop* v. *Holcomb*, 10 Conn. Rep., 444.

At the time the auditors met, no settlement was made of the accounts between Duncklee and the corporation, or the partnership and the corporation, and no adjustment had taken place up to the time of the assignment. It was perfectly competent for Duncklee and Jones to make the assignment, and the act of Duncklee in executing the discharge at a subsequent time, although the receipt bore a previous date, was entirely nugatory.

The questions presented by the report are quite as much matters of fact, as of law, but in whatever light we view them, we

think the plaintiffs entitled to judgment on the report for the full amount found by the auditor.

*Judgment for the plaintiffs.*