THOMPSON, J.,
delivered the opinion of the court.
In the first mentioned appeal, of San-didge’s ex’or v. Graves, &c. — the court is of opinion that the attaching creditor, by the service of his subpoena, acquired priority over the claim of the assignee Graves, the attachment having been served on Johnson, one of the executors of Mrs. Quarles, on the 13th, one day before the execution of the assignment, which bears date on the 14th September, 1841. See Erskine & Eichelberger v. Staley et als. 12 Leigh, 406; Farmers Bank v. Day, 6 Grat. 360. And that the service of the process upon Johnson only, and before his and Met-calfe’s qualification as executors, was as operative and effectual in creating this prior and superior lien, as if both had qualified and both had been served with the process. The court is therefore of opinion, that the Circuit Court erred in setting aside the order of account it had made to ascertain the justice and amount of the attach *485 ing- creditor’s debt, and dismissing his bill. Instead of dismissing the bill, the court should have decreed in favor of the plaintiff for his debt, interest, and costs, against the absent defendant, if satisfied of its justice by the report of a commissioner, or by the proofs in the cause, if deemed so satisfactory as to supersede the necessity of an account and report, upon the terms of giving bond and security required in cases of foreign attachments in chancery, and should have decreed costs to Metcalfe, the stakeholder. And should, in the case of Graves’ ex’or v. Thompson, &c., heard together with the two attachment cases of the appellants, *Sandidge’s executor and Thompson, have dismissed the bill of the plaintiff as to San-didge’s executor, and decreed costs in his favor.
In the case of Thompson v. Graves, the court is of opinion upon the authority of “Anderson et ais. v. De Soer, and Same v. Gallego’s adm’r, 6 Grat. 370, that as the assignment bears date the 14th September, 1841, and the attachment was not served on Johnson until the 13th, and on Metcalfe until the 29th October thereafter, the assignment overreaches the attachment, and is entitled to priority of satisfaction, there being, in the opinion of the court, from aught disclosed by the record, no reason to doubt that the assignment was perfectly fair and bona fide, and bears its true date, and whether made in pursuance of a pre-contract or understanding, or upon the sole suggestion of the assignor at the time of its execution, might have been received and accepted before the service of the attachment, if proof of such receipt and acceptance before were requisite. Not only was such receipt and acceptance possible, but probable, and certainly as fairly to be inferred from the facts of the case as the contrary. But according to the case from 6 Grat. last cited, the genuineness of the receipt being established', as in this case, by proof of signatures, and nothing appearing to repel the prima facie presumption that it bears its proper date, proof of its delivery, or receipt and acceptance before service of the attachment, is not necessary to perfect it, as an equitable assignment, and to give it priority over the attachment; for in the case last cited, the bill drawn upon the legacy, which was nothing more than, and was treated by the court as, an equitable assignment, (as is the one we are considering,) bore date only four days before the service of the attachment, was dated at Malaga in Spain, and consequently, from the date and place of date, there was physical impossibility that it could have been received and accepted in the space of four days, and before the service of the attachment.
The court is moreover of opinion, that there is no ^foundation for the pretension for holding Graves to account, or charging him with any thing, or for postponing or delaying him in any way, in the legal assertion of the right acquired by his assignment, in consequence of the creation of the trust deed to Chandler by Poindexter, for his benefit, on the 10th December, 1823, upon the ground assumed in the last assignment of errors, or upon the principle of marshalling securities. It cannot be pretended that he received satisfaction, and certainly, by consenting to the removal of the property covered by the deed, if he did consent, or by mere laches, forbearance or neglect, to enforce his lien, without any fraudulent combination with the debtor to defeat his creditors, he neither rendered himself liable to the creditors at large for any thing, nor deprived himself of the same right that appertains to them, to run th.e race of diligence, and take of his debtor other and fresh securities. Without satisfaction, an express and formal release of the trust deed, under hand and seal, could not have impaired the validity of the debt secured, nor imposed any liability on him to the creditors at large, much less could a mere forbearance or permission to remove, or laches, or neglect in enforcing his lien, have conferred any such rights on others, or imposed any such liabilities bn him, as is contended for. The doctrine of. mar-shalling securities can have no application to this case, if for no other, for the very conclusive reason, that it is very manifest that the trust deed is no longer a substantial, available security, but merely nominal and valueless, the assignment being in fact the only security, and a very inadequate one, the appellee has for his debt.
Wherefore, the court decrees and orders, that so much of the decree of the 11th April, 1846, in the three causes, as dismisses the bill of Sandidge’s executor against the absent defendant and Quarles’ executor, is to be reversed, with costs of appeal against Graves’ executor, the plaintiff in the first of the three suits only, and the cause to be remanded to the Circuit Court, to *be farther proceeded in to a final decree, according to the principles settled by the opinion of the court, with instructions to the Circuit Court, to dismiss the bill of Graves’ ex’or v. Thompson et als., as to the appellamt Sandidge’s executor, and to award to him his costs against the plaintiff in that suit; and so much of the decree in the three causes, as dismisses the bill of Thompson against Poindexter and Quarles’ executor, is to be affirmed, with costs of appeal in favor of Graves’ executor.