YOCUM & ROBB v. WHITE.

1. **Garnishment:** ASSIGNABLE PAPER. Under our statute (Rev., § 3211) a garnishee indebted by negotiable or *assignable* paper, cannot be made liable thereon unless such paper is delivered up to him or he is exonerated from or indemnified against future liability thereon.

2. —— LACHES OF GARNISHEE. But if such garnishee fail to require the indemnity which, under the statute, he had a right to demand, and do not interpose to prevent the judgment against him, then such judgment will constitute no defense against a holder of the paper who received it before the garnishment.

*Appeal from Monroe District Court.*

WEDNESDAY, APRIL 9.

ACTION upon an agreement made February 2, 1872, between A. W. White and Perry Boggs, and signed by both, whereby White agreed to pay Boggs $100 ten days after date, but which sum was subject to be increased or diminished as the result of another settlement to be made between the parties should show the one to owe the other. Fifteen dollars was paid and credited on it the same day. Plaintiffs claim that the obligation was assigned to them by writing on the back thereof, on the same day. Defense that the defendant had been garnished and held before a justice of the peace, as the debtor of Boggs, for an amount which, together with the sum due him on settlement and a set-off held by him, equaled the claim sued

on. The cause was tried to a jury who found for plaintiffs the amount involved in the garnishment, $44.35. The defendant appeals.

*Perry & Townsend* for the appellant.

*Yocum & Robb* for the appellees.

COLE, J. — The single question of controversy in this case, before the jury, was, whether the defendant had been discharged from his liability on the obligation sued on, by reason of having been garnished as the debtor of the payee therein. The evidence is not before us. The points made by counsel arise upon the following instruction: "2. Defendant also claims that he has been garnished in a case wherein said Boggs was defendant; that he has paid as garnishee, something over $40; that he was compelled to pay as such garnishee, and he claims credit on the contract sued on for that amount. Defendant is not entitled to a credit for said amount, if you find that said written contract had, in good faith, been transferred to plaintiffs, as claimed, before he was garnished; neither would he be entitled to any credit for any amount, if any was paid by him under said garnishee proceedings, if said note or contract had been transferred before he was garnished, although he may have so paid under the order of the justice before whom said proceedings were had."

The question here involved is discussed by counsel upon general principles and without any reference or allusion whatever to our statute by either counsel in their entire arguments. Upon the basis of principle, as argued by counsel, it seems to us that the instruction could not be sustained; for, as between the debtor in, and the assignee of, a non-negotiable instrument, their rights are determined by their status at the time of notice to the debtor of the assignment. And we have held, that the true rule in relation to one summoned as the debtor of the principal debtor, on a non-negotiable debt, is, that the assignee of the debt should give notice to the garnishee, of the assign-

ment, in time to enable him to show such assignment in his answer, or at least before judgment against him; and if he fail to do so and judgment is rendered against the garnishee, such judgment is a bar against any suit by the assignee of such non-negotiable instrument. *Walters* v. *Washington Ins. Co.*, 1 Iowa, 404; *McCoid* v. *Beatty, Gar.*, 12 id. 299. And this is said by the learned author of Drake on Attachments (§ 668, and note 3, 4th ed.) to be the correct doctrine beyond any reasonable doubt; although it has been elsewhere held, that if such debtor was garnished before notice of the assignment, the attaching creditor's rights would be paramount to those of the assignee, although notice of the assignment be given the debtor before judgment against him as garnishee. *Judah* v. *Judd*, 5 Day, 534; *Bishop* v. *Holcombe*, 10 Conn. 444; *Ward* v. *Morrison*, 25 Vt. 593.

But our statute enacts (Rev., § 3211), that the garnishee shall not be made liable on a debt due by negotiable or assignable paper, unless such paper is delivered or the garnishee completely exonerated or indemnified from all liability thereon, after he may have satisfied the judgment. And the instrument sued on, in this case, was assignable under our statute. § 1796. So that the defendant might, under this statute, have prevented any judgment against him, or at least could have required complete indemnity for it. If he has failed to do so, therefore, it is the result of his own neglect. And, as was said in the instruction, if the instrument was transferred to the plaintiffs before the defendant was garnished, the plaintiffs are not affected by the judgment, nor the defendant entitled to a credit for having paid it. The instruction, though erroneous upon the general principle as stated, yet, in view of the statute, it worked no prejudice to defendant. The statute, also, effectually disposes of each of the other points made; for if no judgment has been rendered against the defendant as garnishee, none can properly now be rendered.

Affirmed.