[S. F. No. 558. Department Two.—March 25, 1899.]

GRAHAM PAPER COMPANY, Appellant, v. S. J. PEMBROKE et al., Respondents.

ASSIGNMENT OF ACCOUNTS AND BILLS—NOTICE TO DEBTORS—PREFERENCE OF SUBSEQUENT ASSIGNEE FOR VALUE WITHOUT NOTICE.—To complete the assignment of accounts and bills receivable as against the debtors, and in order to protect the prior assignee as against a subsequent assignee of the same accounts and bills, for value, without notice of the rights of the prior assignee, he must give notice of his assignment to the debtors owing the accounts and bills; and as between successive assignees thereof, he will have the preference who first gives notice to the debtors, even if he be a subsequent assignee, provided at the time of taking the subsequent assignment he had no notice of the prior assignment.

ID.—AGENCY OF ASSIGNOR—CONTROL OF ACCOUNTS—PROTECTION OF BONA FIDE PURCHASER.—Where the prior assignee was a creditor of the assignor endeavoring to obtain security for his claim, and left the accounts and bills in the possession of the assignor as his agent for collection, without any notice of the assignment to the debtors, and possession of the accounts and bills was delivered to a subsequent bona fide purchaser thereof from the assignor, without notice of the prior assignment, who immediately notified the debtors of his assignment, such bona fide purchaser is protected against the prior assignee.

ID.—ACCOUNTING AGAINST ASSIGNOR—FAILURE OF EVIDENCE.—The court cannot make an order for an accounting against the assignor in favor of the prior assignee, in the absence of evidence that the assignor had made collections as the agent of such assignee.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion.

Gordon & Young, for Appellant.

John H. Dickinson, for S. J. & H. Pembroke, Respondents.

Henry E. Monroe, for Pacific Roll Paper Company, Respondent.

HAYNES, C.—The plaintiff, and the defendant the Pacific Roll Paper Company, are corporations. On December 23, 1893, the Pacific Roll Paper Company was indebted to the plaintiff in the sum of about fifteen thousand dollars due on merchandise accounts, and on that day T. J. Corwin, the president of said Pacific Roll Paper Company, in the name of the corporation, by himself as president, executed to the plaintiff a written assignment of "all its book accounts and bills receivable, including all debts of every kind now due to said Pacific Roll Paper Company, from any person or persons, and the said Pacific Roll Paper Company hereby agrees and covenants with the said Graham Paper Company to represent it as its agent henceforth in the collection of said bills and book accounts and debts, and reduce the same into cash as speedily as possible." This assignment was to be in satisfaction of the plaintiff's demand only to the extent that collection should be made.

No statement of the accounts, bills receivable, or other debts embraced in said assignment accompanied it, nor was any statement thereof afterward furnished the plaintiff, though demand was made for such statement about January 1, 1894, and afterward a partial pencil memorandum was shown the plaintiff, but was retained by the assignor to be completed.

On January 19, 1894, said Pacific Roll Paper Company sold its property, assets and goodwill, including the accounts and other demands so assigned to the plaintiff, to defendant S. J. Pembroke for the sum of twenty-three thousand five hundred dollars, part of which was paid in cash (six thousand eight hundred and fifty-three dollars), and the remainder in notes; and the answer alleged that no part of the purchase price consisted of

debts due or owing from or by the vendor; that the purchaser immediately gave notice to all persons whose names appeared upon the books of the vendor as owing said Pacific Roll Paper Company of the assignment and transfer of said accounts; and that said defendant had no knowledge or notice of said assignment to the plaintiff.

The relief demanded by the plaintiff is, in substance, that it be adjudged to be the owner of said accounts and demands; that a receiver be appointed; for an accounting; that plaintiff have access to the books; and that defendants be enjoined from collecting any of the accounts that were in existence and unpaid on December 23, 1893; and for other relief.  At the conclusion of plaintiff's evidence in chief, the defendants moved for a nonsuit upon the grounds: 1. That it was not shown that the assignment to plaintiff was executed by the corporation, or that the directors ever authorized the president to make it; and 2. That no steps were taken by the plaintiff to perfect the assignment, or to act under it, and that no attempt was made to reduce the accounts to possession.  Said motion was granted, and from the judgment entered thereon and an order denying plaintiff's motion for a new trial this appeal is taken.

The only questions made or discussed by counsel in their briefs are: 1. Whether Mr. Corwin, the president of the Pacific Roll Paper Company, had authority to execute the assignment to plaintiff; and, 2. If its execution was authorized by the corporation, was it valid as against S. J. Pembroke, the subsequent assignee, who was a purchaser of the same accounts and demands without notice of the prior assignment, and who immediately gave notice to the debtors of the assignment to her, and obtained possession of the books and accounts?

If the second of these questions should be resolved against appellant, the first need not be considered.

To complete the assignment of an account as against the debtor, it is universally conceded that the debtor must have notice, as otherwise his debt will be discharged by payment to the assignor; but whether the prior assignee must give notice to the debtor in order to protect himself against a subsequent assignee is a question upon which there is a conflict in the authorities.

"It is a well-established rule in England that, as between successive assignees of a chose in action, he will have the preference who first gives notice to the debtor, even if he be a subsequent assignee, provided at the time of taking it he had no notice of the prior assignment." (2 Am. & Eng. Ency. of Law, 2d ed., p. 1077.) The reason of this rule is stated by Sir Thomas Plumer, M. R., in *Dearle v. Hall,* 3 Russ. 1, thus: "In *Ryall v. Rowles,* 1 Ves., Sen. 348, the judges held that in the case of a chose in action you must do everything toward having possession which the subject admits; you must do that which is tantamount to obtaining possession, by placing every person who has an equitable or legal interest in the matter under an obligation to treat it as your property. For this purpose you must give notice to the legal holder of the fund; in the case of a debt, for instance, notice to the debtor is for many purposes tantamount to possession. If you omit to give that notice, you are guilty of the same degree and species of neglect as he who leaves a personal chattel, to which he has acquired title, in the actual possession and under the absolute control of another person."

The English rule has been followed by the federal courts in this country. (See *Judson v. Corcoran,* 17 How. 612; *Spain v. Brent,* 1 Wall. 604, 624; *Laclede Bank v. Schuler,* 120 U. S. 511.) In *Methven v. Staten Island etc. Co.,* 66 Fed. Rep. 113, it was held that where two assignments of a chose in action, for valuable consideration, are made to different persons, the assignee who first gives notice of his claim to the debtor has the prior right, though the assignment to him is later in date than that to the other assignee, if taken without notice.

This proposition is also sustained in 2 Story's Equity Jurisprudence, section 1035 a, and in note 4 (p. 339), *Foster v. Cockerell,* 9 Bligh, 332, 375, 376, is quoted at considerable length, stating what appears to us satisfactory reasons in its support.

In 2 Pomeroy's Equity Jurisprudence, section 695, the same doctrine is stated, and at section 698 the learned author added: "Even where the rule concerning notice to the debtor or trustee has not been adopted, an assignee who had otherwise the priority may lose it through his laches, as against a subsequent purchaser in good faith and for value who has been injured by the negli-

gence. . . . . . The questions as to priority of right may arise between the assignee and a judgment creditor of the assignor or a subsequent purchaser from the assignor. There is a clear distinction between these two claimants, since a judgment creditor only succeeds to the rights of his debtor, while a purchaser *may* acquire higher rights." (See, also, 2 Pomeroy's Equity Jurisprudence, sec. 707.) In 2 American and English Encyclopedia of Law, page 1077, notes 3 and 4, Iowa, Missouri, Vermont, and Virginia are mentioned as supporting the English rule, and New Jersey, New York, and Texas as rejecting it. To the former list may be added Connecticut. (See *Bishop v. Holcomb*, 10 Conn. 444; *Foster v. Mix*, 20 Conn. 395.)

Appellant cites a large number of the New York cases in support of its contention, and it must be conceded that they sustain the general proposition that the prior assignee has the better right, though he has not notified the debtor. We think, however, that the doctrine announced by the English courts, and followed by our federal courts and the state courts above mentioned, is based upon the better reason and sustained by the weight of authority. Notice to the debtor not only protects the assignee against payment to the assignor, but against payment to the subsequent assignee, since the debtor, with notice of the prior assignment, would be no more protected by a payment to a subsequent assignee than he would by paying to the assignor; and, besides, an intending purchaser of the accounts from the assignor would have it in his power to ascertain from the debtors, by inquiry, whether any prior assignment existed, and would thus be furnished with the only reasonable protection possible against fraud on the part of the assignor.

There are, however, some special features which strengthen the case of defendant Pembroke, the second assignee. The plaintiff was a creditor of the assignor, endeavoring to obtain some security for its claim against the Pacific Roll Paper Company. It left the accounts and choses in action in the hands and under the control of the assignor, as its agent, for collection. The defendant, Pembroke, is a purchaser, who not only took an assignment of the accounts and other choses in action, but obtained actual possession of them and immediately notified the debtors, and therefore obtained a perfect legal title

without notice of the prior assignment, and with no means of obtaining information of it otherwise than from the fraudulent assignor, who by the sale and assignment represented that it had good right to make the sale and assignment. The case of *Kirk v. Roberts* (Cal. 1892), 31 Pac. Rep. 620, is not in point. There the defendant was the assignee in insolvency, and therefore stood in the shoes of the insolvent; while here the defendant is a purchaser in good faith and for value, without notice, and therefore stands in a better position than her assignor.

In the closing paragraph of appellant's brief it is said that plaintiff had a right of action for an accounting against the Pacific Roll Paper Company as to what it had collected on the assigned accounts, and against defendant Pembroke for whatever she may have collected since the assignment to her, and that it was therefore error to grant the motion upon the grounds stated.

As to defendant Pembroke, there was, as we have seen, no right to an accounting; and as to the Pacific Roll Paper Company, there was no evidence that it had made any collections. The court would certainly not make an order requiring it to account in the absence of some evidence that it had made collections. Plaintiff called and examined Mr. Corwin as a witness, but did not ask for disclosures as to whether collections had been made, and, having rested its case, the court below could not assume that collections had been made, nor can we. Under these circumstances it does not appear that appellant has been prejudiced.

Numerous exceptions were taken to rulings on the admission and rejection of evidence. None of them are discussed in the briefs. Most of them relate to the authority of the president of the defendant corporation to make the assignment to the plaintiff, which assignment we have assumed, for the purposes of the case, was the act of the corporation. None of the other rulings would have changed the result had they conformed to plaintiff's views.

I advise that the judgment and order appealed from be affirmed.

Gray, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Temple, J., and Henshaw, J.