MARY A. HARTMAN *v.* D. FRANK CORPENING *et al.*

(No. 8060)

Submitted January 29, 1935. Decided February 5, 1935.

*W. M. Conaway,* for plaintiff in error.
*Fred L. Shinn* and *Powell & Clifford,* for defendants in error.

HATCHER, JUDGE:

This case involves the priority between the lien of an execution and an assignment. The circuit court ruled in favor of the assignment and the suggestor prosecutes error.

The record presents the following facts on the issue herein:
(1) Mary A. Hartman secured a judgment against E. C.

Glaspell et al. on January 27, 1931, for $150.00 with interest and costs. Glaspell was represented in that action by Powell and Clifford, attorneys. (2) Glaspell sued Frank D. Corpening before a justice on October 9, 1933, for $300.00. On October 16, 1933, Glaspell assigned to Powell and Clifford his claim against Corpening. A part of the consideration for the assignment was the payment of the fee due Powell and Clifford for representing Glaspell in his suit with Mrs. Hartman. Glaspell's action against Corpening was appealed to the circuit court, where it resulted in a judgment in favor of Glaspell on February 10, 1934, for $275.62 and costs. (3) Prior thereto, to-wit, on February 3, 1934, Mrs. Hartman had an execution (on her judgment of January 27, 1931) issued against Glaspell, and then filed a suggestion alleging that the lien of that execution attached to the indebtedness of Corpening to Glaspell. The summons on the suggestion was served on Corpening February 16, 1934.

Both the petition and brief of Mrs. Hartman herein refer to and rely upon an alleged execution on her judgment issued September 4, 1931. That execution is not in the record. When her counsel's attention was called thereto in this Court, he replied: ''The presumption is that the court (circuit) has judicial knowledge of the records in its court. In this case the court had access to the original files, the judgment, and process and papers issued therein. My information is that he went over all, as he had his clerk to produce them for him. However, in proof of my contention I am forwarding attested copy'' (of the execution dated September 4, 1931).

This proceeding was submitted on an agreed statement of facts. That statement stipulates merely that Mrs. Hartman ''entered'' the suggestion against Corpening on February 3, 1934, and files therewith the writ of suggestion as an exhibit. That writ refers to an execution ''now in the hands of the sheriff'' as fixing the liability of Corpening. The only execution then with the sheriff was that of February 3, 1934, and that execution (only) is attached to the writ of suggestion. Since that execution was the one upon which the suggestion was based and is the only one referred to in the record of this proceeding, we cannot agree that it was the duty of the

trial court to search voluntarily for other executions in the original file of Hartman v. Glaspell. On error, the appellate review of a ruling below is limited to the very record made there. This limitation is established in the Virginias, according to Michie's Digest, by "innumerable cases." See Vol. 1, page 417. And specifically, "Statements by counsel *de hors* the record, purporting to detail certain incidents in connection with the trial of the case, cannot be received." *Paris* v. *Brown,* 143 Va. 896, 129 S. E. 678. Consequently we cannot consider the execution of September 4, 1931.

The bare judgment of Mrs. Hartman did not create a lien on the chose in action of Glaspell. A lien would arise only when an execution on the judgment should be delivered to the sheriff to be executed. The lien of a perfected execution is both immediate and prospective but not retroactive. Code 1931, 38-4-8. Several months prior to the time the execution herein (of February 3, 1934) was delivered to the sheriff, Glaspell had assigned his claim against Corpening to Powell and Clifford. A chose in action may be validly assigned. *Wilt* v. *Huffman,* 46 W. Va. 473, 477, 33 S. E. 279. From the early days of this state as remarked by the learned trial judge, it has been recognized that "a voluntary assignment * * * of a debt * * * passes the debt to the assignee at the time of the assignment, so as to defeat a subsequently attaching creditor of the assignor." *Bank* v. *Gettinger,* 3 W. Va. 309. Accord: *Tingle* v. *Fisher,* 20 W. Va. 497, 510; 2 R. C. L., subject Assignments, sec. 38. Therefore at the time of such delivery there was nothing due Glaspell from Corpening to which the lien of the execution could attach.

The judgment of the circuit court is accordingly affirmed.

*Affirmed.*