[Civ. No. 11321. First Appellate District, Division Two.—February 1, 1940.]

HARRY ROSENBLATT, Respondent, v. CREDIT DISCOUNT CO. et al., Appellants.

Samuel A. Miller, Samuel Reichler and Bertram H. Ross for Appellants.

Louis Feinstein for Respondent.

SPENCE, J.—This action was brought to obtain a determination of the priority of plaintiff's claim to certain accounts receivable as against the claim of defendants to the same accounts receivable. A judgment was entered in favor of plaintiff and the defendants appeal.

.The material facts are not in dispute. The original owner of said accounts receivable assigned said accounts for value to both plaintiff and defendants. The assignment to defendants was prior in point of time but defendants gave no notice of the assignment to the debtors. During the negotiations of the plaintiff with the assignor, plaintiff made inquiry of the debtors and ascertained the correctness of the assignor's statement of the accounts. Plaintiff entered into his transaction with the assignor without any notice of the assignment to defendants. He immediately gave notice to the debtors of his assignment. The only question involved is that of the priority between the claims of plaintiff and defendants.

It is conceded by all parties that the settled rule in this jurisdiction is that found in *Graham Paper Co.* v. *Pembroke,* 124 Cal. 117 [56 Pac. 627, 71 Am. St. Rep. 26, 44 L. R. A. 632], which rule has been followed by the Supreme Court in numerous cases, the latest of which appears to be *City of Los Angeles* v. *Knapp,* 7 Cal. (2d) 168 [60 Pac. (2d) 127]. The rule as tersely stated in the last-mentioned case at page 171, is as follows: "As between two *bona fide* assignees for value the one who first gives notice to the debtor acquires priority." Defendants argue for a contrary rule claiming that the settled rule in this jurisdiction should be discarded. We are not impressed with defendants' argument. The rule of the above-mentioned cases appears to be in accord with the majority view (see 31 A. L. R. 876), and

it was adopted after a careful consideration of the conflict of authority in other jurisdictions. (*Graham Paper Co.* v. *Pembroke, supra.*) But even if we were impressed with defendants' argument, we would feel impelled to follow the rule thus firmly settled by the decisions of our Supreme Court.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.