## Staunton

RUSSELL L. EVANS v. C. F. JOYNER, JR., COMMISSIONER OF
DIVISION OF MOTOR VEHICLES OF THE COMMONWEALTH
OF VIRGINIA, ET AL.

September 10, 1953.

Record No. 4067.

Present, All the Justices.

The opinion states the case.

*L. Grafton Tucker*, for the plaintiff in error.

*Paul Whitehead, D. Gardiner Tyler, Jr., Assistant Attorney General* and *D. H. Kizer, Jr.*, for the defendant in error.

HUDGINS, C.J., delivered the opinion of the court.

This is a controversy between successive assignees of the sum of $875 deposited by Withers Scofield Essex with the Commissioner of the Division of Motor Vehicles under the

provisions of Code, sec. 46-436, as security for the payment of any claim filed, or judgment obtained, against Essex growing out of an automobile accident in which he was involved on November 5, 1949. No claim was filed with the Commissioner, nor was any action instituted against Essex for damages, within a year from the date of the accident and, therefore, it became the duty of the Treasurer of Virginia, with whom the Commissioner had deposited the fund as required by Section 46-441 of the Code to refund the money to Essex, or his legal representative. Code, secs. 46-477, 46-478.

On March 1, 1950, Essex assigned to the State Industrial Loan Corporation the $875 deposited with the Commissioner and held by the Treasurer, notice of which assignment was given to the Commissioner on October 2, 1950; on July 28, 1950, he assigned the same sum to Russell L. Evans, notice of which assignment was given to the Commissioner on July 31, 1950; on August 26, 1950, he assigned the same sum to Paul Whitehead, notice of which assignment was given to the Commissioner on August 28, 1950.

On consideration of the claims of the three assignees of Essex the trial court held that the State Industrial Loan Corporation, the holder of the first assignment, was entitled to priority and entered judgment for it. This judgment is now final as to Paul Whitehead, the holder of the third assignment, since he did not join in this appeal which was awarded to Russell L. Evans.

No evidence was introduced tending to prove that the equity of one assignee was intrinsically superior to that of the other. Therefore, the only question presented is which of the assignees of the identical chose in action is entitled to priority—the one whose assignment is prior in time or the later assignee who first gave notice to the Commissioner of the assignment to him.

There are two conflicting views on the question. One view is usually referred to as the English rule and the other as the American rule.

The English rule is that mere priority of notice of the assignment to the obligor gives priority of right to a subsequent assignee over an earlier assignee of the same chose in action,—that is, the assignee who first notifies the obligor of his assignment is entitled to priority. *Dearle* v. *Hall* and *Loveridge* v. *Cooper*, 3 Russ. Ch. 1, 38 Eng. Reprint 475, 10 Eng. Rul. Cas. 478, 27 Revised Rep. 1, are cited in support of this rule. This holding was restated and approved in *Foster* v. *Cockerell*, in the House of Lords, 3 Clark & F. 456, 6 Eng. Reprint 1508, and now seems to have become the settled law of England.

The reason advanced in support of the rule is that it is the duty of the assignee of a chose in action to do everything reasonably possible, of which the subject-matter admits, toward obtaining possession; and in the case of a debt, notice to the debtor, for many purposes, is tantamount to possession. An assignee who fails to give such notice is guilty of the same degree and species of neglect as he who leaves a personal chattel to which he has acquired title in the actual possession and control of another. This neglect to give such notice affords the assignor an opportunity to perpetrate a fraud by a subsequent assignment of the same chose in action. *Graham Paper Co.* v. *Pembroke*, 124 Cal. 117, 56 P. 627, 71 Am. St. Rep. 26, 44 L. R. A. 632; *Phillips' Estate*, 205 Pa. 515, 521, 66 L. R. A. 760, 97 Am. St. Rep. 746, 55 Atl. 213; 4 Am. Jur., Assignments, sec. 107, pp. 313-14.

The American rule applies the maxim *qui prior est tempore, prior est jure,*—he who is first in point of time is first in right, and hence mere priority of notice to the obligor of the assignment of the chose in action does not give priority of right to a later assignee over an earlier assignee of the same chose in action.

An extensive review of the two rules is found in *Salem Trust Co.* v. *Manufacturers' Finance Co.*, 264 U. S. 182, 68 L. ed. 628, 31 A. L. R. 867. There, Mr. Justice Butler, after considering a number of English and American cases that had applied the English rule, rejected it and held that

the better reasons favor the American rule. At page 197 of 264 U. S., he said: "By the first assignment, the rights of the assignor pass to the assignee. The creditor has a right to dispose of his own property as he chooses, and to require the debt to be paid as he directs, without the assent of the debtor. * * * Failure of the first assignee to give notice does not devest him of any title or right, or vest any claim in a subsequent purchaser. It cannot injuriously affect an intending purchaser who makes no inquiry of the debtor concerning the assignor's title. The debtor is not bound to answer inquiries concerning the assignor's title, and there can be no assurance that an intending purchaser can ascertain the encumbrance by inquiry of the debtor having notice of the earlier assignment. * * * It is impossible to eliminate all risk from such a transaction. If the second assignee elects to rely on the representations of the vendor as to his title, and is deceived, he cannot shift his loss to the first assignee, unless some act or omission of the latter was proximate to the deception."

Notice to the obligor neither adds to nor subtracts from the title or equities transferred. It simply informs the obligor who his real creditor is. If the obligor has received no notice and does not know that his debt has been assigned, he may, with impunity, pay his original creditor and extinguish the obligation, which payment will be a complete defense against the claim of an assignee who has failed to notify the obligor of the fact that the original creditor by reason of the assignment was no longer entitled to collect.

The English rule is criticized and the American rule approved in 2 Glenn on Fraudulent Conveyances and Preferences, Rev. Ed., Pledge and Ownership of Intangibles, sec. 527, p. 911, and A. L. I. Restatement, Contracts, sec. 173, p. 221.

We think the reasons upon which the American rule is based are sound and are to be preferred over those upon which the English rule is based. However, appellant contends that the English rule has been adopted by this court

and that we are bound by the doctrine of *stare decisis* to apply it in this case. *Coffman* v. *Liggett*, 107 Va. 418, 59 S. E. 392, is cited in support of this contention. Appellant also directs attention to the fact that the *Coffman Case* has been so construed in Glenn on Fraudulent Conveyances, *supra*; 6 C. J. S., Assignments, sec. 91, p. 1145; Annotations 31 A. L. R. 877, note 40. We do not so interpret the decision in the *Coffman Case*. There is *dictum* in the opinion tending to support the English rule. However, a careful reading of the opinion discloses that the decision did not turn on the question of mere notice of the subsequent assignment to the obligor. The facts were that Maggie G. Coffman placed with Winfield Liggett certain sums to be invested by him for her. At first he made investments of the money as contemplated. Later he collected the funds and, without her knowledge or consent, appropriated them to his own use, thereby becoming her debtor, which relation he continued to occupy until his death. On February 26, 1895, he executed under his hand and seal a written assignment of a life insurance policy as security for the payment to Mrs. Coffman of whatever sum he might owe her at his death. This assignment was not delivered to Mrs. Coffman, but was placed in his safe with his private papers where it was found after his death. On September 12, 1904, for value received, Liggett executed an assignment in duplicate to one Lurty of the same policy. The assignment was acknowledged before a notary and sent to the company where a copy was retained and a copy attached to the policy. The policy, with the assignment attached, was delivered to Lurty, who was recognized and accepted by the company as the rightful owner of the policy. Lurty thus acquired the complete legal and equitable title to the policy itself, the subject of the assignment. The court applied the well known rule that equities being equal, the law will prevail.

The trend of opinions in other Virginia cases is more favorable to the American than to the English rule.

Where notes or other choses in action secured by a lien on land are assigned, the order of payment of the proceeds of sale of the land is determined by the order of time of the assignment and not by the order in which the notes fall due, unless otherwise expressly provided. *Schofield* v. *Cox*, 8 Gratt. 533; *Paxton* v. *Rich*, 85 Va. 378, 7 S. E. 531; *Waynesboro Nat. Bank* v. *Smith*, 151 Va. 481, 145 S. E. 302; *Williams* v. *Gifford*, 139 Va. 779, 124 S. E. 403.

The general rule applied in Virginia and West Virginia is that where creditors and the purchasers of an assignment have no superior equities among themselves and are not entitled to a preference over each other on that ground, he who is first in time is first in priority. *Schofield* v. *Cox*, 8 Gratt. 533; *Bank* v. *Gettinger*, 3 W. Va. 309; *Tingle* v. *Fisher*, 20 W. Va. 497; *Thomas* v. *Linn*, 40 W. Va. 122, 20 S. E. 878; *Hartman* v. *Corpening*, 116 W. Va. 31, 178 S. E. 430; 11 Va. Law Reg. p. 62.

It was held in *Sandidge's Ex'r* v. *Graves' Ex'r*, 1 Pat. & H., 101, that an assignment of a legacy takes effect from its date and the assignee is entitled to priority over attaching creditors of the assignor whose attachment was levied upon the legacy subsequent to the date of the assignment. An attaching creditor, in the absence of the recording statutes, stands in the shoes of his debtor and can claim no higher or greater right.

It was held in *Garland* v. *Richeson*, 4 Ran. 266, that the purchaser of a chose in action acquires only an equitable title, or interest, which he may assert at law in his own name or in that of the original obligee for his benefit, and that the maxim *qui prior est tempore, potior est jure* was applicable.

It is stated in Williston on Contracts, Assignments, sec. 435, p. 1258: "Clearly, if before he (subsequent assignee) collects he has notice of the prior assignment, the prior assignee prevails, but under either of the prevalent rules, a subsequent assignee for value who collects the claim, if he has no notice, is not ordinarily deprived of what he has collected. If an assignment is held to create merely an

equitable right, the same consequence will follow—the prior assignment, being the prior equity, will prevail; and such is the rule in many of the United States without regard to notice given to the debtor; and this rule seems now definitely adopted by the Supreme Court of the United States."

The assignment of an entire fund *ex proprio vigore* transfers all rights of the assignor to the assignee. A later assignee, therefore, in the absence of facts and circumstances which may create an equitable estoppel against the first assignee, takes nothing by his assignment, for the simple reason that the assignor has nothing he can rightfully give to the second assignee. *Wilson* v. *Duncan* (Ala.), 61 F. (2d) 515; *Ottumwa Boiler Works* v. *M. J. O'Meara & Son*, 206 Iowa 577, 218 N. W. 920; 2 Williston on Contracts, sec. 435, p. 1258; *Turk* v. *Skiles*, 45 W. Va. 82, 30 S. E. 234; *Tingle* v. *Fisher*, 20 W. Va. 497; *Fidelity Mutual Life Ins. Co.* v. *City Nat. Bank of Fairmont*, 95 F. Supp. 276; 2 Michie Jur., Assignments, sec. 25, p. 159.

In 6 C. J. S., Assignments, sec. 91, p. 1145, it is said that the English rule has been rejected in many states where it has been held that notice to the obligor is not necessary to the passage of title; that assignments take priority in the order in which they were completed or made effective by the mutual assent of the assignor and assignee; so that the assignee prior in point of time is prior in point of right irrespective of which assignee gives notice of his assignment to the debtor. Numerous cases from different states are cited in the footnote to support the text.

The judgment of the trial court is affirmed.

*Affirmed.*