# CIRCUIT COURT OF THE CITY OF ROANOKE

Ten Hoeve Brothers, Inc.

v.

Michael Bray,
t/a Liberty Mini Mart

October 1, 1998

Case No. CL97-1263

BY JUDGE ROBERT P. DOHERTY, JR.

Defendant convenience store owner contacted Plaintiff Ten Hoeve Brothers, Inc., an equipment supplier, about the purchase and installation of gas pumps and fuel tanks at Defendant's convenience store. Plaintiff referred Defendant to C & M Mid-Atlantic Technologies, a partnership who had worked with Plaintiff in the past. Defendant contracted for C & M to supply and install the necessary equipment for an agreed price. A written contract was entered into and signed by Defendant and C & M. The contract called for eight thousand of a ten thousand dollar initial payment to be by check payable to Mid-Atlantic Tech and Ten Hoeve Brothers. Ten Hoeve Brothers, Inc., was not a signatory to the written contract. They did not discuss the contract with the Defendant prior to its execution, nor did they advise the Defendant of their credit arrangements with C & M. Defendant did endorse a copy of the contract after it was delivered to them by C & M, but this was done internally to authorize the delivery of the equipment to C & M. After the tanks were delivered to Defendant, C & M told him to ignore the part of the contract calling for the eight thousand dollar payment to be made jointly to C & M and Ten Hoeve Brothers and directed Defendant to make the check payable solely to C & M. Defendant complied with that request. C & M subsequently went out of business and failed to pay Plaintiff for the equipment. Plaintiff has sued Defendant for eight thousand dollars, claiming that there was a three-party contract and that Defendant breached it. In the alternative, Plaintiff argues that

equitable estoppel prevents Defendant from denying the obligation. Defendant argues that Plaintiff was not a party to this agreement, nor did Plaintiff advise Defendant that the sale of their equipment to C & M was contingent upon the eight thousand dollar check naming Plaintiff as co-payee, nor did Defendant know that Plaintiff had seen or endorsed the contract or that Plaintiff was relying in any way upon the written agreement between Defendant and C & M. Plaintiff did not present evidence that Defendant knew of their credit arrangement with C & M, relying instead upon the contract provision that named them as co-payee of the eight thousand dollar check. The Court finds in favor of the Defendant.

The mere fact that the written agreement called for a check to be made payable to Plaintiff and C & M is not sufficient to satisfy the notice required for equitable estoppel. The payee must know that he is obligated to make his payment to someone other than the party with whom he has contracted. The "obligor may, before notice, pay obligee with impunity." *Evans v. Joyner*, 195 Va. 85, 77 (1953). In our case, the parties to the contract simply amended their private agreement. There was nothing in the contract that prevented such an amendment or that required that Defendant be consulted or protected in any way. Defendant was not notified of Plaintiff's interest in the contract. The provision in the written agreement calling for two payees on the initial check did not, in and of itself, constitute adequate notice to Defendant of Plaintiff's claim to the funds. The agreement was not a three-party contract, and Plaintiff was not one of the parties to it.

It is true that the requisites for "equitable estoppel, absent a showing of fraud and deception, are representation, reliance, change of position and detriment." *T. v. T.*, 216 Va. 867, 873 (1976). However, the mere fact that Plaintiff changed their position to their detriment based on a representation made by Defendant to C & M, which Plaintiff relied upon, does not mean that the Defendant is equitably estopped from denying that he owes money to the Plaintiff. Defendant made no representation to Plaintiff. Defendant's representation was to C & M. Any representation to Plaintiff was made by C & M when it published the written contract to Defendant. "Once the obligor receives notice of the assignment, its obligation runs to the assignee, and the obligor pays the obligee at his own risk." *Lataif v. Commercial Indus. Const., Inc.*, 223 Va. 59, 62 (1982). However, until such time as Defendant was made aware of Plaintiff's actual interest in the contract, Defendant had no duty, contractual or otherwise, to Plaintiff. Plaintiff's failure to notify Defendant of their reliance on Defendant to safeguard their payment from C & M was the fault of Plaintiff. There was evidence of a mutual meeting of the minds between Defendant and C & M, and between Plaintiff and C & M, but not

between Plaintiff and Defendant. Plaintiff had the ability to protect itself by insisting that it be made a party to the written agreement or by requiring an assignment of funds from Defendant to Plaintiff and notifying Defendant of the assignment or by simply notifying Defendant of their credit arrangement with C & M. Plaintiff's failure to protect itself in its dealings with C & M is not the fault of the Defendant. Accordingly, judgment is granted in favor of Defendant.