# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Leslie E. Helmick

v.

State Farm Mutual
Automobile Ins. Co.

March 31, 2009

Case No. CL08-257

BY JUDGE EDWARD L. HOGSHIRE

On the 4th day of March, 2009, came the Plaintiff, Leslie E. Helmick, and the Defendant, State Farm Mutual Automobile Insurance Company, on appeal of the General District Court's denial of Plaintiff's claim that Defendant had breached its medical expense coverage agreement by paying amounts due her directly to the healthcare provider rather than to the Plaintiff. The case was submitted to the Court on Stipulations of Fact, which are summarized below.

*Findings of Fact*

The Plaintiff was insured by the Defendant at the time she was injured in an automobile accident on August 11, 2007, and was entitled to medical expense benefits coverage for medical bills incurred as a result of the accident. (Stipulations, paragraphs 1-3.)

At the time of her admission to Augusta Medical Center (AMC) on August 11, 2007, as part of the admitting process, she executed a form entitled "Consent to Admission," which contained a paragraph entitled "Assignment of Benefits" whereby she agreed to "assign to the hospital . . . all sums payable to Patient pursuant to any health benefit plan, policy of insurance, (including

health, liability, uninsured, under insured, motorist or medical payments insurance) and/or pursuant to any settlement of judgment arising out of or related to any this party source [sic]." (Stipulations, Para. 6, Ex. 5.)

Notwithstanding the assignment language, Plaintiff's attorneys notified Defendant in a letter dated September 20, 2007, that no medical payment benefits were to be paid to the health care provider without the attorneys' consent. (Stipulations, Para. 3, Ex. 2).

Subsequently, Plaintiff's attorneys sent a letter dated November 6, 2007, to Defendant, and enclosed medical bills from AMC, demanding that Defendant send medical benefits payments directly to them. Also enclosed was the Consent to Admission form containing the Assignment of Benefits clause, thereby putting Defendant on notice of the assignment of medical payment benefits to AMC. (Stipulations, Para. 3-6, Ex. 3-5.)

Plaintiff was admitted again to AMC on August 18, 2007, for medical care related to the accident of August 11, 2007, and signed a similar Consent to Admission Form with the same Assignment of Benefits language. (Stipulations, Para. 7, 8, Ex. 5, 6.)

The latter medical bill covered treatment from August 18 through August 20, and totaled $443.00, and was submitted to Defendant for payment with the demand letter of November 6, 2007. (Stipulations, Para. 8, Ex. 3.)

On March 14, 2007, Defendant issued a check payable to AMC for $4,126.31 in satisfaction of the outstanding medical expenses due AMC for treatment from August 11-14, 2007. (Stipulations, Ex. 7.)

On March 24, 2007, Plaintiff's attorneys wrote to Defendant complaining that the payment to AMC, not to themselves as requested, was improper. (Stipulations, Para. 10, Ex. 8.)

On or about April 1, 2007, Defendant issued a check payable to Plaintiff and her attorneys in the amount of $418.50 to cover the medical expenses incurred by Plaintiff at AMC between August 18, 2007, and August 20, 2007, and was paid in accord with Defendant's Explanation of Payment. (Stipulations, Para.11, 12, Ex. 9.)

Of the total medical benefits claimed by Plaintiff under the Policy, $5,856.81, and paid by Defendant, $4,126.321 was paid directly to AMC and the balance to Plaintiff and her attorneys. (Stipulations, Para. 13, 14.)

*Conclusions of Law*

By virtue of the "Consent to Treatment" forms, plaintiff irrevocably assigned her right to receive payment under the insurance policy at issue. *Lataif v. Commercial Indus. Constr. Co.*, 223 Va. 59, 62, 286 S.E.2d 159, 161

(1982), *quoting Restatement (Second) of Contracts* § 317(1) (1979) ("assignor's right to performance is extinguished"). The assignment is valid and enforceable as between the plaintiff/assignor and the hospital/assignee. *Kelly Health Center, Inc. v. Prudential Ins. Co.*, 226 Va. 376, 379, 309 S.E.2d 305 (1983), *quoting Restatement of Contracts (Second)*, § 317(1) (1981) ("The intention of the assignor is the controlling consideration. The intent to transfer a present ownership of the subject matter of the assignment to the assignee must be manifested by some word, written or oral, or by some act inconsistent with the assignor's remaining as owner.")

Once defendant received actual notice of the assignment, it was under a duty to pay the assignee/hospital to the extent of the rights assigned. *Lataif*, 223 Va. at 62, 286 S.E.2d 161; *Southern Residence Corp. v. City Supply Co.*, 160 Va. 660, 667, 169 S.E. 579, 582 (1933) (once notice is received, obligor does not have the right to pay assignor in disregard of assignment); 2A Michie's Jurisprudence, *Assignments*, § 26, at 336, *citing Tazewell v. Barrett*, 14 Va. (4 Hen. & M.) 259 (1809) (the receipt of actual notice of the assignment creates a "duty of the debtor to pay the assignee of the sum assigned"); *Id.*, *citing Lataif*, 223 Va. at 62, 286 S.E.2d at 161 (effect of actual notice of an assignment "is to bind the obligor to pay the assignee, after notice, *instead* of paying the original obligee") (emphasis added); *see also Evans v. Joyner*, 195 Va. 85, 88, 77 S.E.2d 420, 422 (1953) ("If the obligor has received no notice and does not know that his debt has been assigned, he may, with impunity, pay his original creditor and extinguish the obligation. . . ."); *County School Board of Carroll County v. First Nat. Bank*, 161 Va. 127, 136, 170 S.E. 625, 628 (1933) (debtor is liable to assignee if it pays assignor after receiving notice); *Switzer v. Noffsinger*, 82 Va. 518, 521 (1886) ("until notice, the assignment is subject to all the equities of the debtor against the assignor").

Va. Code § 38.2-2201(B) requires the insurer to pay the insured even if the insurer was not notified as soon as practicable, with an exception for prejudice to the insurer. This statute does not supersede a valid assignment if the assignment does not constitute the taking of mutually contradictory and inconsistent positions and does not give rise to judicial estoppel in this matter.

Consequently, defendant's payment of the sum of $4,126.31 directly to the assignee hospital discharged the insurer's obligation under the policy, and State Farm Mutual Automobile Insurance Company is entitled to judgment in this matter.

Wherefore, it is hereby ordered and decreed that judgment shall be entered in favor of the defendant, State Farm Mutual Automobile Insurance Company, and this matter shall be and hereby is dismissed with prejudice and stricken from the docket of this Court.