## Staunton.

### JACKSON V. DOTSON, RECEIVER.

#### September 9, 1909.

1. ASSUMPSIT—*Affidavit With Plea—Sufficiency of Affidavit—Code, Sec. 3286.*—An affidavit accompanying a plea of *non-assumpsit* "that the matters stated in the annexed plea are true" is a substantial compliance with the provisions of section 3286 of the Code requiring the defendant under certain circumstances to file an affidavit that the plaintiff is not entitled to recover anything from the defendant on the claim sued on, etc., and that is all that is necessary. The plea puts in issue the entire claim of the plaintiff, and the affidavit states that the plea is true.

2. ASSUMPSIT—*Affidavit with Plea—Waiver.*—The provision of section 3286 of the Code requiring the defendant to file an affidavit with his plea in actions of *assumpsit* where the plaintiff has sworn to the correctness of the account with his declaration was made for the benefit of the plaintiff, and may be waived by him, and will be deemed to have been waived where he not only makes no objection when the plea is tendered without a sufficient affidavit, but, though present by counsel, assents to, or accepts without objection, a continuance of the case until the next term of the court, "with leave to the defendant to file within fifteen days his grounds of defense."

Error to a judgment of the Circuit Court of Russell county in an action of *assumpsit*. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Finney & Wilson,* for the plaintiff in error.

*W. W. Bird,* for the defendant in error.

Cardwell, J., delivered the opinion of the court.

E. Griffith Dotson having been duly appointed and qualified
as réceiver for the Export Lumber Company, a corporation, and ·
having found upon the books of the corporation an account
showing a balance due to it from L. F. Jackson of $379.55,
brought this action of *assumpsit* in the Circuit Court of· Rus-
sell county against Jackson to· recover said balance, the process
being returnable to second August rules (17th of August),
1908, at which date the plaintiff filed his declaration. · With
the declaration an itemized statement of the account sued on
was also filed, to which was attached the following affidavit in
writing, purporting to comply with the provisions of section
3286 of the Code, to-wit:

"State of Virginia,
    "City of Norfolk, to-wit:
  "Before me, Eugene A. Bilisoly, a notary public for the city
and State aforesaid, duly authorized and commissioned to ad-
minister oaths, affirmations, etc., personally appeared E. Grif-
fith Dotson, receiver for Export Lumber Company, Incorpo-
rated, who, being duly sworn, according to law, doth depose and
say, that the annexed account against L. F. Jackson is correctly
copied from the books of original entry of the Export Lumber
Company, Incorporated; that the charges were made in said
books at or about the time of their respective dates; that the
goods for which said charges were made and commissions
charged were sold and delivered as charged; that the charges
are correct, and the account justly due and true as stated; that
there is now due·and owing thereon the sum of three hundred
and seventy-nine (379) dollars and fifty-five (55) cents, with
interest thereon from the 18th day of May, 1907; that no part
of said sum has ever been paid or in any manner settled, and
that there are no deductions or.set-offs of any kind, except such
as are therein specified and credited, and, furthermore, the said

Export Lumber Company, Incorporated, holds no collaterals or securities of any kind for securing the payment of said debt or claim.

"E. GRIFFITH DOTSON.

"Subscribed and sworn to before me this 27th day of July, 1908, in the city and State aforesaid.

"In testimony whereof I have hereunto set my hand and seal the day and year aforesaid.

"EUGENE A. BILISOLY,
"Notary Public."

The defendant not having appeared, an office judgment was entered at rules, and the cause placed by the clerk on the office judgment docket for the September term, 1908. At this term (on September 18, 1908) an order was entered as follows:

"E. Griffith Dotson, Plaintiff,
        v.                    *Assumpsit.*
"L. F. Jackson, Defendant.

"This day came the parties, by their attorneys, and the plea of *non-assumpsit* having been entered on a former day of this term, on motion of defendant, by counsel, he is given fifteen days in which to file his grounds of defense, and this case is continued."

Besides this order entered at the September term, 1908, an entry was made upon the court's docket in these words: *"Non-assumpsit* 15 days to file grounds of defense and continued."

The plea of *non-assumpsit* found with the file of court papers, and the same that was referred to in the order and in the entry on the court's docket, also just referred to, is in general terms as well as the affidavit annexed thereto purporting to have been made before a notary on the 14th of September, 1908; the

affidavit merely reciting that affiant "made oath that the matters stated in the annexed plea are true."

At the December term of court, 1908, the plaintiff by counsel, appeared and moved the court to enter judgment against the defendant for the amount claimed in the declaration, on the ground that such judgment should have been entered at the September term, 1908, because the affidavit filed with defendant's plea of *non-assumpsit* was insufficient, and not in compliance with the requirements of the statute, which motion the court, over the objection of the defendant, sustained, and to the judgment entered accordingly this writ of error was awarded.

The first question presented by the assignments of error is whether or not the affidavit of the plaintiff attached to the account filed with and as a part of his declaration was sufficient under the statute—sec. 3286 of the Code.

In the view that we take of the case it is not necessary to pass upon that question, for if the affidavit annexed to the defendant's plea of *non-assumpsit* was a sufficient compliance with the statute, or the plaintiff had waived his right to make objection thereto when the case was called for trial at the December term, 1908, the judgment then entered is plainly erroneous.

The statute provides as to when an inquiry of damages is to be dispensed with in actions of *assumpsit* on a contract for the payment of money, express or implied, and in effect requires that there shall be no such inquiry "unless the defendant file with his plea the affidavit of himself or his agent, that the plaintiff is not entitled, as the affiant verily believes, to recover anything from the defendant·on such claim, or stating a sum certain less than that set forth in the affidavit filed by the plaintiff, which, as the affiant verily believes, is all that the plaintiff is entitled to recover from the defendant." Code, Sec. 3286.

In this case, as in like cases contemplated by the statute, a plea of *non-assumpsit* denies the right of the plaintiff to recover on the claim made in his declaration, and an affidavit

filed with the plea, "that the matters stated in the annexed plea are true," puts in issue the entire claim asserted, and is, at the least, a substantial compliance with the requirements of the statute.   The plea here, as is usual in cases where the right of the plaintiff to recover anything on the claim he sues on, says that he (defendant) did not undertake or promise in manner and form as the plaintiff hath complained.   In other words, the defendant by such a plea says that he did not undertake or promise to pay the claim sued on, and that, therefore, the plaintiff is not entitled to recover of the defendant such claim or any part thereof.

It has several times been said by this court that the purpose of the statute is to prevent delay to the plaintiff caused by continuances upon dilatory pleas when no real defense exists, and to require the defendant to make oath to his defense before his plea will be received.

Referring to the statute, in *Merriman* v. *Thomas,* 103 Va. 28, 48 S. E. 490, the opinion by Buchanan, J., while not discussing fully or deciding, because unnecessary, the question whether or not the affidavit must be in the prescribed form of the statute, makes the observation "that it is safer and better practice to conform, in substance at least, to the plain terms of the statute."

It would seem to be a mere quibble to say that, although the defendant by his plea and affidavit puts in issue the entire claim asserted against him by the plaintiff, the plea should be ignored or rejected because it was not, *ipsissimis verbis,* in the very form and language used in the statute.

Statutes of a like character and import were reviewed by the Court of Appeals of New York in *Spencer* v. *Myers,* 150 N. Y. 269, 44 N. E. 492, 55 Am. St. Rep. 675, 34 L. R. A. 175, and by the Supreme Court of Indiana in *Parvin* v. *Wimberg,* 130 Ind. 561, 30 N. E. 790, 30 Am. St. Rep. 254, 15 L. R. A. 775, and the view taken that a *substantial* compliance with the statute was all that is required.

In the last named case Cooley on Con. Lim. is quoted as follows: "Those directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly and prompt conduct of the business, and by a failure to obey which the rights of those interested will not be prejudiced, are not commonly to be regarded as mandatory, and if the act is performed but not in the time nor in the precise mode indicated, it will be sufficient if that which is done accomplishes the substantial purpose of the statute."

The title of the statute before us is: "When, in actions of *assumpsit,* no plea to be received in bar of plaintiff's claim unless defendant file with said plea an affidavit denying plaintiff's claim," etc.   Can it be said that the affidavit here is not a denial of plaintiff's claim?   Surely not.

The opinion by Keith, P., in *Lewis* v. *Hicks,* 96 Va. 91, 30 S. E. 466, referring to this statute, says: "Where the plaintiff files with the declaration in *assumpsit* an account verified by his affidavit, which is served upon the defendant along with the writ, the case goes to judgment in the office unless the defendant shall, during the term, file a plea in bar to the action verified by his affidavit," etc.   The import of what was there said is that the case cannot go to judgment by reason of the default of the defendant if a plea in bar filed by him be verified by affidavit.   The view stated by Keith, P., in that case is borne out by the late learned jurist, Judge Burks, in his address before the Virginia State Bar Association, when discussing the changes made in the law of pleading by the revision of 1887.

Conceding for the sake of the argument that the affidavit to the defendant's plea of *non-assumpsit* is not a sufficient compliance with the statute, might not the plaintiff have waived this irregularity or imperfection in the pleading, and has he not done so?

That the plaintiff could waive the requirement of the statute is clearly settled by the decisions of this court.

In *Lewis* v. *Hicks, supra,* it is said: "But this requirement of

the statute was manifestly imposed for the benefit of the plaintiff and may be waived by him either expressly or by implication, or he may be by his conduct estopped to take advantage of it."

"Objections which do not go to the substance of an action are treated as waived if not made when the occasion for them arises. It is a well settled rule of practice that by appearing to the action the defendant waives all defects in the process and in the service thereof. The decisions go further and imply such waiver from the defendant's taking or consenting to a continuance as fully as they do from his pleading to the action." *New River Min. Co.* v. *Painter,* 100 Va. 507, 42 S. E. 300.

See also *Edison Gen'l Elec. L. Co.* v. *Johnstown Elec. L. Co.* (C. C.), 56 Fed. Rep. 456, where the court quotes with approval the following from Endlich, Affid. Defense, p. 493: "The right to ask for judgment for want of a sufficient affidavit of defense may, however, be waived by the plaintiff, or lost through his delay and misleading conduct. If, instead of asking for a rule upon the defendant, who has filed his affidavit, he apparently treats the latter as sufficient, and takes other steps in the case looking towards, and compelling the defendant to prepare for, its progress according to the common law forms, he cannot afterwards be permitted to turn back and attack the affidavit whose sufficiency he must, from his conduct, be regarded as having conceded."

The same reasoning applies where objections should be made to a pleading filed by a defendant when the occasion arises for the plaintiff to object, and certainly where, as in this case, he not only does not make objection to the pleading, but interposes no objection to a continuance of the cause to the next term of the court, and that, too, "with leave to defendant to file within 15 days his grounds of defense." The occasion for objection on the part of the plaintiff to the sufficiency of the plea or the affidavit annexed thereto arose not only when the plea and the affidavit were filed, but when the order at the September term,

1908, of the court was entered, continuing the cause to the next term. The plaintiff either agreed to this order or accepted it without objection, for he was present certainly by counsel, as the order, which imports verity, reads: "This day came the parties, by their attorneys, and the plea of *non-assumpsit* having been filed on a former day of this term, on motion of the defendant he is given 15 days in which to file his grounds of defense, and this cause is continued."

If, as the plaintiff contends before this court, the defendant's plea in bar with the affidavit annexed thereto was not in fact filed, then clearly the objection should have been made when the order reciting that fact and continuing the case to the next term of the court was entered.

As said by Endlich in his work on Affi. Defense, *supra,* after stating how the right of a plaintiff to ask for a judgment for want of a sufficient affidavit may be lost through his delay or misleading (an authority peculiarly applicable to this case), when there has been delay or misleading conduct on the part of the plaintiff, "he cannot afterwards be permitted to turn back and attack the affidavit whose sufficiency he must, from his conduct, be regarded as having conceded."

The order of the September term, 1908, is, as said in the argument of this case here, informal, in that in its heading the plaintiff is stated to be "E. Griffith Dotson," omitting the word "receiver" following the name, but to this we attach no importance whatever.

Nor do the cases of *Spencer* v. *Fields,* 97 Va. 38, 33 S. E. 380, and *Price* v. *Marks,* 103 Va. 18, 48 S. E. 499, sustain the plaintiff's contentions, for the reason that in the first-named case it was merely held that where the plaintiff filed with his declaration containing the common counts in *assumpsit* his own affidavit, in compliance with the statute, the trial court could not receive pleas in bar offered by defendants without the affidavit thereto required by the statute, unless the affidavit had been waived by the plaintiff; and, in the second-named case the

plaintiff, Price, filed with his declaration at rules the required affidavit, while the defendant failed to comply, either at rules or the next term of the court, with the terms of the statute, and thereby lost her right to make defense to the action.

We are of opinion that the judgment here complained of is erroneous, and it will, therefore, be reversed and annulled, and the cause remanded to the circuit court to be further proceeded with in accordance with the views herein expressed.

*Reversed.*