### Wytheville.

### GEHL V. BAKER.

June 14, 1917.

Absent, Burks, J.

1. ASSUMPSIT—*Pleas—Affidavit of Defense—Section 3286 of the Code—Waiver.*—Code of 1904, section 3286, provides that in an action of assumpsit on a contract, express or implied, for the payment of money, if the plaintiff file with his declaration an affidavit stating the amount of the plaintiff's claim, and that such amount is justly due, and the time from which the plaintiff claims interest, no plea in bar shall be received in the case, either at rules or in court, unless the defendant file with his plea an affidavit denying plaintiff's right to recover, and that if such plea and affidavit be not filed by the defendant, there shall be no inquiry of damages, but judgment shall be for the plaintiff for the amount claimed in the affidavit filed with his declaration. A plaintiff may, either expressly or by implication, waive compliance on the part of the defendant with the requirements of this section, or may by his conduct be estopped from taking advantage of its terms. Consenting to, or accepting without objection, a continuance of the case, are familiar methods of waiving the provisions of the statute.

2. CONTINUANCE—*Consent.*—Plaintiff's counsel was notified by the judge of the court below that the leading counsel for defendant had been seriously injured, and the judge requested him to confer with the injured man in regard to the trial of the case at bar. The judge afterwards made a personal visit to defendant's counsel and found his condition such that it would be "utterly impossible for him even to go to the courthouse during the remainder of the term," and thereupon he informed him that his case would be continued to the next term, and directed the clerk to notify plaintiff's counsel that the case had been continued. Although there was time in which to object to the continuance, plaintiff's counsel wrote the judge thanking him for his consideration and referred to the fact that he had learned from the clerk and from defendant's associate counsel of the action of the court. In these communications there was

nothing to indicate that plaintiff's counsel regarded the action of the court as unwarranted, or that he objected to it in any way.

*Held:* That the trial judge and defendant's counsel were well warranted in regarding the continuance as made with the consent of the plaintiff, or at least without objection on his part.

3. ASSUMPSIT—*Section 3286, Code of 1904.*—This statute was intended to prevent delay caused to plaintiffs by continuance upon dilatory pleas when no real defenses exist.

Error to a judgment of the Circuit Court of Northampton county, in an action of assumpsit. Judgment for defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*C. J. Collins* and *James E. Heath,* for the plaintiff in error.

*S. J. Turlington, Otho F. Mears, Jno. T. Daniel, T. J. Baker* and *J. W. Topping,* for the defendant in error.

KELLY, J., delivered the opinion of the court.

This is an action of assumpsit brought by N. V. Gehl against T. J. Baker, upon a contract which has been treated by both parties in the court below and in this court as a contract "for the payment of money" within the meaning of section 3286 of the Code of Virginia. In accordance with the terms of that section, the plaintiff filed with his declaration an affidavit stating the amount claimed to be justly due him and the date from which interest was demanded. There was no plea or appearance at rules, and the clerk, concededly by mistake, placed the case upon the docket with the cases standing upon a writ of inquiry instead of upon an office judgment.

The succeeding term of the court began at Eastville on the 13th day of September, 1915, and on that day, as was

expected by counsel, the docket was called to ascertain what cases were to be tried by a jury and to fix the days therefor. It was known that the case of *Gehl* v. *Baker* would be contested, and that a trial was to be had, but no counsel for the plaintiff was present when the case was reached on the call, and the court set it for trial on the 21st day of the month. Later in the day, Mr. Bosman, an attorney representing the plaintiff's leading counsel, Mr. Heath, of Norfolk, appeared in court for the purpose of having the case set for the earliest day possible at that term. He was informed of what had already been done, and made no objection. Judge Fletcher, of the circuit court, certifies that Mr. Bosman left him under the impression that the date fixed would suit Mr. Heath, and that otherwise he would have set the case for another day.

On September 16th, Mr. Mears, the leading counsel for the defendant, was thrown from his buggy and seriously injured; and two days later, while Mr. Mears was in a Norfolk hospital for treatment, Judge Fletcher wired Mr. Heath as follows: "Mears in St. Christopher Hospital. Confer with him as to trial of Gehl against Baker case and wire." This telegram was received at Mr. Heath's office on the day of its date, but he was away and did not learn of its contents until his return home on the following night. He at once called the hospital, and, upon being informed that Mr. Mears had gone to his home in Eastville, concluded that Mr. Mears would be well enough to try the case on the 21st; and Mr. Heath had, accordingly, made all his arrangements to go to Eastville on the afternoon of the 20th, when he received a telegram from the clerk stating that the case had been continued on account of the illness of Mr. Mears. On the same day, September 20th, Mr. John T. Daniel, associate counsel with Mr. Mears, wired and wrote Mr. Heath to the same effect.

It appears also that, in the meantime, Judge Fletcher had made a personal visit to Mr. Mears at his home in East-

ville, and found his condition such, from a broken arm and a severe attack of rheumatism, that it would be, to use Judge Fletcher's language, "utterly impossible for him even to go to the courthouse during the remainder of the term," and thereupon he informed Mr. Mears that all his cases would be continued to the next term; and it was at Judge Fletcher's direction that the clerk sent Mr. Heath the telegram stating that the case had been continued.

On the 21st of September, Mr. Heath wrote Judge Fletcher and thanked him for "his courtesy and consideration" in sending him the message of the 18th, and in his letter referred to the fact that he had subsequently learned from the clerk and from Mr. Daniel of the court's action in the premises; and on the same date he also wrote Mr. Daniel, thanking him most cordially for his letter and telegram. In these communications from Mr. Heath there was nothing to indicate that he regarded the action of the court as unwarranted, or that he objected to it in any way. The order of continuance was not actually entered until the 21st, the day set for the trial, and the term remained open to and including the 25th of September. Judge Fletcher assumed and believed, in view of the facts and circumstances above detailed, that the continuance was perfectly agreeable to counsel for plaintiff.

At the next term of the court, in November, the defendant asked leave to file certain pleas to the declaration. The granting of this request was opposed by the plaintiff on the ground that it was too late to set aside the office judgment, and that the court had no authority to allow any pleas to be filed, or to take any other action except to enter final judgment in his favor. At the instance of the defendant, argument on the questions thus arising was continued until the next term, in January, when the court overruled the plaintiff's motion for final judgment and permitted the pleas to be filed. A trial before a jury followed, resulting in a verdict and judgment for the defendant.

The first assignment of error which we shall consider is that the court erred in refusing to enter up judgment in favor of the plaintiff.

In support of this assignment, counsel for plaintiff in error rely upon the decisions of this court in *Price* v. *Marks,* 103 Va. 18, 48 S. E. 499; *Gring* v. *Lake Drummond Company,* 110 Va. 754, 67 S. E. 360; and *Carpenter* v. *Gray,* 113 Va. 518, 75 S. E. 300. These cases are, in our opinion, distinguishable from the instant case, and they all expressly recognize the proposition that a plaintiff may, either expressly or by implication, waive compliance on the part of the defendant with the requirements of section 3286 of the Code, or may by his conduct be estopped from taking advantage of its terms. Consenting to, or accepting without objection, a continuance of the case, are familiar methods of waiving the provisions of the statute. *Jackson* v. *Dotson,* 110 Va. 46, 52, 65 S. E. 484; *Pollard & Haw* v. *American Stone Co.,* 111 Va. 147, 68 S. E. 266. In the present case we are of opinion that the trial judge and the defendant's counsel were well warranted in regarding the continuance as made with the consent of the plaintiff, or, at least, without objection on his part. In arguing against this view, the plaintiff in error, in his petition, says: "It is beside the mark to guess as to what counsel for the plaintiff would have done in regard to the continuance if he had been allowed to be heard." It is true that the court continued the case without any formal hearing on the part of the plaintiff; but there was time and opportunity for objection after notice to counsel, and the facts of the case do not warrant the conclusion that the plaintiff could not or would not have been heard upon the matter if he had so desired. The judge certifies that he would have heard any objection to the continuance, and that if the question as to the office judgment had been raised he would have protected the plaintiff in his rights. Nor do we think it is beside the mark to consider what counsel for the plaintiff would probably

have done if a direct answer had been required of him as to the continuance. In determining, as we must here, whether the trial court and the counsel for the defendant had the right to assume that a highly technical point, in no way affecting the substance of the real controversy which both sides expected to be tried, was being waived by counsel for the plaintiff, it is quite material to consider what an attorney might have been expected to do under the circumstances. The statute in question was, as this court has repeatedly held, intended to prevent delay caused to plaintiffs by continuances upon dilatory pleas when no real defenses exist. In the present case, as was said by Judge Whittle in *Pollard & Haw* v. *American Stone Co., supra,* "it is not possible to escape the conclusion that it was understood and agreed, both by the court and counsel, that the case was to be tried upon its merits and not to go off on an office judgment." Consent to the continuance was to be expected from the nature of the controversy and the situation of counsel; it was inferable from the letters of counsel for plaintiff written some days before the court adjourned for the September term; and the fact that such consent was understood by the court and opposing counsel as tacitly given, appears affirmatively from the record.

We are of opinion, therefore, that the plaintiff in error must be held to have waived the point upon which he now seeks to have the court enter up a final judgment in his favor.

The second assignment of error, and the only other one to which it will be necessary to advert, challenges the ruling of the court upon the admission of certain testimony offered by the defendant. At the oral argument it was conceded by counsel for the defendant that this assignment was well founded and must result in a reversal.

The judgment will be reversed, the verdict of the jury set aside, and the cause remanded to the circuit court for a new trial.

*Reversed.*