# Richmond.

## C. G. PARIS v. BROWN & HOOFF.

### October 1, 1925.

1. ASSUMPSIT—*Verification of Defendant's Plea—Section 6133 of the Code of 1919—Substantial Compliance with Statute.*—Section 6133 of the Code of 1919 provides that, in assumpsit, if plaintiff files with his declaration an affidavit stating the amount of the claim and that it is justly due, no plea in bar is to be received or inquiry of damages made unless defendant files with his plea an affidavit denying plaintiff's claim. The statute was intended to prevent continuances at the instance of defendants, where the grounds thereof were apparently for delay only, and required the plea to be supported by the oath of the pleader as an evidence of his good faith in the merits of his defense. When the requirements of the statute have been substantially met the defendant should be given an opportunity to present to the court or jury the facts upon which his plea is based.

2. ASSUMPSIT—*Verification of Defendant's Plea—Section 6133 of the Code of 1919—"True to the Best of His Knowledge and Belief."*—Under Code of 1919, section 6129, an affidavit in support of a pleading is sufficient when the affiant swears that "he believes it to be true," therefore, an affidavit under section 6133 of the Code of 1919, as to verification of defendant's plea in assumpsit, that "the matter and things stated in the foregoing plea are true to the best of his knowledge and belief," is a substantial compliance with section 6133. The difference between "true to the best of his knowledge and belief" and "believes it to be true" consists in the fact that nine words are used in one case and five in the other—both phrases meaning the same.

3. APPEAL AND ERROR—*Record—Rights of Parties to be Determined by the Record—Statements de Hors the Record.*—Where the record was signed by the judge that presided at the trial, and is free from ambiguities, and gave the plain history of the case from its beginning to its termination, the appellate court must determine the rights of the parties as as they appear from the record. Statements by counsel *de hors* the record, purporting to detail certain incidents in connection with the trial of the case, cannot be received.

Error to a judgment of the Circuit Court of Prince William county, in an action of assumpsit. Judgment of plaintiffs. Defendant assigns error.

*Reversed and remanded.*

The opinion states the case.

*W. B. F. Cole*, for the plaintiffs in error.

*Robt. A. Hutchinson*, for the defendant in error.

McLemore, J., delivered the opinion of the court.

The plaintiffs in the court below, and hereafter so designated in this opinion, brought their action of assumpsit against C. G. Paris upon an open account filed with the declaration, and supported by an affidavit as required by section 6133, Code of Virginia 1919. The declaration was filed at the second March rules, 1923; court convened for the April term on Monday, April 2, 1923, and on the 10th day of the term (April 12th) defendant appeared by counsel and filed his plea of general issue which is in the following words and figures:

"Circuit Court for Prince William county, Virginia, to-wit:

"*C. G. Paris* v. *Brown & Hooff.*

"And the said defendant, by his attorney, comes and says that he did not undertake or promise in manner and form as the said plaintiff hath above thereof complained.

"And of this the said defendant puts himself upon the country.

"*W. B. F. COLE, p. d.*"

"State of Virginia,

County of Prince William, to-wit:

"This day, C. G. Paris appeared in person before me, W. E. Lloyd, a justice of the peace in and for the county aforesaid, in the State of Virginia, and made oath that the matters and things stated in the foregoing plea are true to the best of his knowledge and belief.

"Given under my hand this 12th day of April, 1923.

"(Signed) W. E. LLOYD,

"Justice of the Peace."

On the first day of the June term following plaintiffs' counsel moved the court to strike out defendant's plea and enter judgment for the plaintiffs, which motion the court took time to consider, and on the 14th day of June, after mature consideration, the plea was stricken out and judgment entered for the plaintiffs. in the following order:

"This day came again the parties, by their attorneys, and the court having maturely considered of its opinion on the motion made on the first day of this term by the plaintiffs, to strike out the plea and affidavit heretofore filed by the defendant, and to enter judgment for the plaintiffs, and the court being of opinion that the affidavit filed by the defendant was not sufficient, and that the plaintiffs did not waive a strict or substantial compliance with the statute, and that the office judgment entered by the clerk prior to the last term of this court became final on the last day of the last term of this court, it is considered by the court that the said motion be, and the same is hereby, sustained, and that said plea and affidavit be, and are hereby, stricken out, and that the plaintiffs do recover of the defendant the sum of four hundred and sixty-one dollars and forty-

two cents, with interest thereon from the fourth day of December, in the year of our Lord nineteen hundred and twenty-two, and their costs in this their behalf expended, and have execution therefor."

On the succeeding day, June 15th (the last day of the term), the defendant moved the court to set aside the judgment entered on the previous day, which motion the court overruled, and to this action of the court the defendant excepted.

As the facts of the case are set forth in bill of exceptions No. 1, the only exception noted in the entire record, it is here reproduced:

"Bill of Exceptions No. 1.     Be it remembered that in this case the plaintiff having filed his declaration in an action of trespass on the case in assumpsit with copy of account verified by affidavit at 2nd March rules, 1923, and the defendant in open court on April 12, 1923, it being the tenth day of the next *succeeding* term of said Circuit Court of Prince William county, Virginia, filed his plea of nonassumpsit, the general issue, verified by affidavit, which is in the following words and figures;" (copied above).

[1] The question upon which the case turns is whether or not the affidavit filed by the defendant in verification of his plea of nonassumpsit is sufficient under the statute heretofore referred to (Code of 1919, section 6133) to put in issue the plaintiffs' claim.

This question seems to us to have been fully and correctly answered by Cardwell, J., in the case of *Jackson* v. *Dotson, Receiver*, 110 Va. 46, 65 S. E. 484:

"* * * 'a plea of nonassumpsit denies the right of the plaintiff to recover on the claim made in his declaration,' and an affidavit filed with the plea 'that the matters stated in the annexed plea are true,' puts in issue the entire claim asserted, and is, at least, a sub-

stantial compliance with the requirements of the statute. The plea here, as is usual in cases where the right of the plaintiff to recover anything on the claim he sues on, says that he (defendant) did not undertake in manner and form as the plaintiff hath complained. In other words, the defendant by such a plea says that he did not undertake or promise to pay the claim sued on, and that, therefore, the plaintiff is not entitled to recover of the defendant such claim or any part thereof."

It will be observed that the language in the affidavit to the plea objected to by plaintiffs' counsel and deemed insufficient by the learned trial judge is "that the matters and things stated in the foregoing plea *are true to the best of his knowledge and belief.*" (Italics supplied.)

The statute was intended to prevent continuances, at the instance of defendants, where the grounds thereof were apparently for delay only, and required the plea to be supported by the oath of the pleader as an evidence of his good faith in the merits of his defense. When the requirements have been substantially met the defendant should be given an opportunity to present to the court or jury the facts upon which his plea is based.

[2] If an affidavit in support of a pleading is sufficient when affiant swears that "he believes it to be true" (Code of 1919, section 6129). We can see no reason in principle for holding, nor can we justify an interpretation which would declare an affidavit concluding "true to the best of his knowledge and belief," is not a substantial compliance with the statute.

The difference between "true to the best of his knowledge and belief," and "believes it to be true," consists in the fact that nine words are used in one case and five in the other—both phrases meaning the same. To deny a litigant the right of trial on the merits under such circumstances as here obtains is not in keeping

with modern jurisprudence, nor does the attempt to do so make an appeal for any refinements of reasoning on the part of this court in order to support such a position.

In *Carpenter* v. *Gray*, 113 Va. 518, 75 S. E. 300, the court says:

"A substantial compliance with the provisions of section 3286 (now 6133) is all that is required."

Upon the filing of the plea of nonassumpsit in open court on April 12th, properly verified, the office judgment was thereby set aside and the parties being at issue their rights should have been determined after hearing the evidence in the usual and orderly way.

The ruling of the trial court had the effect of denying the defendant the opportunity of contesting the plaintiffs' claim, as the only plea filed in the case was stricken out and the office judgment thereby confirmed. The plea was stricken out on the theory that the same had not been verified by the oath of the defendant as required by the statute. In this we think the trial court erred.

[3] Statements *de hors* the record have been filed by counsel for both parties, purporting to detail certain incidents in connection with the trial of the case, and the perfecting of the record prior to the application for a writ of error. The recollections of counsel appear to be at variance in several particulars, as is to be expected when opposing counsel attempt to give their versions of the happenings in connection with the litigation. We think the wisdom of disallowing all such attempts to add to, or take from, the record is well illustrated in this case.

The record before us is signed by the learned judge that presided at the trial, is free from ambiguities, and gives a plain history of the case from its beginning to its termination. Under such circumstances we must de-

termine the rights of the parties as they appear from the record as thus presented.

The judgment of the trial court will be set aside and the case remanded for a new trial not inconsistent with the views herein expressed.

*Reversed and remanded.*