# Richmond

## ABE LEVITIN v. NORFOLK NATIONAL BANK OF COMMERCE AND TRUSTS.

November 15, 1934.

Present, All the Justices.

The opinion states the case.

*James G. Martin* and *A. A. Bangel,* for the plaintiff in error.

*William G. Maupin, William L. Parker* and *James E. Heath,* for the defendant in error.

BROWNING, J., delivered the opinion of the court.

The facts in this case as far as they are necessary to be stated are: The defendant in error, the plaintiff in the court below, which will hereafter be referred to as the plaintiff, brought an action against the plaintiff in error, one of the defendants in the court below, the other defendants being

W. T. Eastwood and the American Hotel Corporation. The action was that of trespass on the case in assumpsit in which damages of $25,000 were claimed, and it was alleged in the declaration that the defendant owed a balance of $22,124.35 with interest from March 15, 1932, on a note and attorney's fee which the plaintiff had incurred of $2,-212.43. The attorney's fee is ten per centum of the amount claimed, which is doubtless the usual ten per centum for collection, provided for in the printed form of the negotiable note issued by banks.

The declaration was filed at the rules beginning the first Monday in May, 1932, but the defendants, Abe Levitin and the American Hotel Corporation, not being served with process, an *alias* was issued against them returnable to rules beginning the first Monday in June, 1932, which was June 6th.

At those rules the two last mentioned defendants, by their attorney, appeared in the clerk's office, and each filed an affidavit. We are concerned here only with the affidavit of Levitin, which is as follows:

"State of Virginia,

"City of Portsmouth, To wit:

"This day personally appeared before me, A. A. Bangol, a notary public in and for the city aforesaid, in the state of Virginia, Abe Levitin, who made oath before me, in my state and city aforesaid, that he is one of the defendants in the above entitled suit and that he did endorse a note dated the 16th day of December, 1931, payable to the Norfolk National Bank of Commerce and Trusts in the sum of $28,021.46, but the American Hotel Corporation, a corporation, the maker of the said note, has paid from time to time certain sums of money to the said Norfolk National Bank of Commerce and Trusts which have been, or should have been credited on the said note, and to the best of his information and belief, the said sum of $22,124.35 is not the balance due on the said note but the said balance due is for a considerably less sum than $22,124.35.

(Signed) "ABE LEVITIN.

"Subscribed and sworn to before me, in my city and State aforesaid, this 18th day of May, 1932.

(Signed) "A. A. BANGOL, Notary Public.

"My commission expires on the 23rd day of June, 1933."

The plaintiff made no objection to the filing of this affidavit. The clerk did not enter an office judgment but placed the case on the court docket. The last day of the current term was Saturday, June 18, 1932, and the next term began on Monday, June 20, 1932.

On Saturday, June 25, 1932, the parties appearing in court, Levitin and the Hotel Corporation tendered pleas of the general issue, and the plaintiff moved to allow amendments to the returns of the officer, made on the process, and objected to the filing of the pleas of the general issue; the two defendants retendered to the court the affidavits they had already filed at rules, the plaintiff moved for final judgment *nunc pro tunc* as of June 18, 1932, the last day of the preceding term, to which the two defendants named objected, and the case was continued.

On July 1, 1932, the parties again appearing, the two said defendants again tendered the pleas of general issue and an additional affidavit, which affidavit was somewhat more explicit and inclusive in its averments than the original affidavit already set forth. The plaintiff objected to the reception of the pleas and the filing of the affidavit, and the case was again continued.

On July 5, 1932, the parties again appearing, the court heard oral evidence (which evidence, however, does not appear in the record), as to the service of the summons and affidavits with the summons and allowed the sergeant of Portsmouth to amend his returns, the two said defendants excepting. The court then struck out all the affidavits for the defendants and all pleas and entered final judgment for the plaintiff *nunc pro tunc* as of June 18, 1932, the last day of the preceding term, for $22,124.35 and interest thereon from March 15, 1932, and $2,212.43 attorney's fee. No evidence was had in the case but the final judgment was upon the theory that it was required by section 6134 of the

Code of Virginia as the case then stood and that proper affidavits and defenses had not been offered or tendered in time.

Section 6134 of the Code is as follows:

"Every judgment entered in the office in a case wherein there is no order for an inquiry of damages, and every nonsuit or dismission entered therein, shall, if not previously set aside, become a final judgment, if the case be in a circuit court, on the adjournment of the next term or at the close of the fifteenth day thereof (whichever shall happen first), or if the case be in the Circuit Court of the city of Richmond, or in the Law and Equity Court of the said city, or in the Court of Law and Chancery of the city of Norfolk, or in the Court of Law and Chancery of the city of Roanoke, and be matured at the rules, and docketed during the term of the court, on the adjournment of said term, and if it be in a corporation court on the adjournment of the next term designated for the trial of civil cases in which juries are required, or at the close of the fifteenth day thereof (whichever shall happen first), and have the same effect, by way of lien or otherwise, as a judgment rendered in the court at such term. Every such judgment for any plaintiff shall be for the principal sum due, with interest thereon from the time it became payable (or commenced bearing interest), till payment, unless it be in such action as is mentioned in section 5760 in which case it shall be according to that section; provided, that no judgment by default on a *scire facias* or summons shall become final within two weeks after the service of such process."

As a matter of fact no judgment was ever entered in the office by the clerk, nor does the record show that the case was ever docketed at all. Both of these conditions of the statute appear to be lacking.

Aside from this, however, the defendant, Levitin, appeared and filed an affidavit at the rules to which he was summoned to plead which, we think, is a substantial compliance with the requirements of section 6133 of the Code as to the requisites of the affidavit to be filed by a defend-

ant in the circumstance of the statute. The appropriate part of this section is: " * * * No plea in bar shall be received from a defendant sued in his own right, either at rules or in court, unless the defendant files with his plea the affidavit of himself or his agent that the plaintiff is not entitled, as the affiant verily believes, to recover anything from the defendant on such claim, or stating a sum certain less than that set forth in the affidavit filed by the plaintiff, which, as the affiant verily believes, is all that the plaintiff is entitled to recover from the defendant on such claim."

In the case of *Carpenter* v. *Gray*, 113 Va. 518, 75 S. E. 300, 301, it was said: "A substantial compliance with the provisions of section 3286 is all that is required. It was passed to remedy the well known evil of filing sham pleas for purposes of delay (*Grigg, etc.* v. *Dalsheimer, etc.*, 88 Va. 508, 510, 13 S. E. 993; *Spencer* v. *Field*, 97 Va. 38, 41, 33 S. E. 380), and imposes no hardship upon the defendant. A substantial compliance with its provisions is all that is or should be required. See *Jackson* v. *Dotson*, 110 Va. 46, 65 S. E. 484, and cases cited."

Levitin swore as accurately as he could in his affidavit. He said that the maker of the note upon which he was an endorser had from time to time made payments to the defendant in error, the Norfolk National Bank of Commerce and Trusts, which should have been credited on the said note and that to the best of his information and belief the sum of $22,124.35, the principal amount sued for, was not the balance due on the said note but such balance was for a considerably less sum. That there were payments upon the original note, which was for the sum of $28,021.46, is declared in the declaration, which reduced the sum claimed to $22,124.35. The record shows that the source of these credit payments was the collection of rents by the Norfolk National Bank of Commerce and Trusts to be applied to the payment of the note. It may well have been that the defendants sincerely questioned the accuracy of the aggregate sum of these rents which were claimed to have been applied as credits upon their indebtedness to the

bank, at least we cannot say that the statement in the affidavit is a sham one or that it was concocted for the purposes of delay.

As to the alleged infirmity of the affidavit, as failing to comply with the provisions of the statute, Burks' Pleading and Practice (2d Ed.) 978, section 505, says: "No greater particularity is required than the nature of the thing pleaded will conveniently admit." And section 506, "Less particularity is required when the facts lie more in the knowledge of the opposite party than of the party pleading."

If there was a legitimate question as to the correctness of the balance due on the note it was within the bank's power to settle it by introducing the note and the number, amounts, and dates of credits, but it did not file the note or any account of payments with its declaration so that the defendants could have definite information as to this.

The defendants, the plaintiff in error appearing to be the important one, did not file a formal plea to the declaration at the 1st of June rules to which they were summoned, though they tendered pleas of the general issue during the first week of the succeeding term of the court which began on the 20th of June, 1932.

It will be noted that the trial court entered judgment on the 5th of July, 1932, as of the 18th of June, 1932, which was the last day of the preceding term of the court, it being of the opinion that the clerk should have entered an office judgment at rules which became final on the day the court ended. We believe that, if the defendant, the plaintiff in error, has a valid defense against the claim, or any part thereof, which is asserted against him, technical objections to pleadings and formal court procedure should not be accepted to prevent him from interposing it.

We think the affidavit referred to substantially satisfies the statute and in substance is a plea and we shall so regard it in this case.

One of the cases cited refers to section 3286 of the Code

of 1887. That section is substantially the same as the present section 6133.

■ "Written pleadings * * * need not be of any particular form but must be such as to enable a person of common understanding to know what was intended." *Poole* v. *Dilworth*, 26 W. Va. 583.

■ "If the matter pleaded be in itself insufficient without reference to the manner of pleading it, the defect is substantial; but if the only fault is in the form of alleging it, the defect is formal." *Norfolk & P. B. L. R. R.* v. *Sturgis*, 117 Va. 532, 85 S. E. 572.

The defendant in error relies upon the case of *Price* v. *Marks*, 103 Va. 18, 48 S. E. 499. That is not this case in a very important particular. In that case the plaintiff, in his action of assumpsit, filed an affidavit in accordance with section 3286 of the Code of 1887. Thereafter the defendant filed two pleas, neither of which contained the required affidavit. Thus it is seen that the situation was very different from that here. The court properly held that the pleas without the requisite affidavits were, in legal effect, nullities.

Section 6134 of the Code is assailed by the plaintiff in error as being unconstitutional, in that it is violative of section 63 of the Constitution of Virginia. That troublesome issue need not be decided in view of our conclusions above.

We reverse the judgment of the trial court and remand the case to be proceeded with as the court and parties litigant may be advised.

*Reversed and remanded.*