**LAW AND EQUITY COURT OF THE CITY OF RICHMOND**

Factors, Inc.

v.

Jack's Discount Furniture Co., Inc.

December 21, 1966

By JUDGE A. CHRISTIAN COMPTON

Attached you will find a copy of the order entered overruling the plaintiff's motion argued today for "default and/or summary judgment . . . for failure to respond to interrogatories . . ."

In this suit on an account wherein the motion for judgment is supported by an affidavit, the defendant, under oath, in its grounds of defense denied the claim. It is the position of the plaintiff that it should be entitled to a judgment at this time for a part of the claim ($563.60) in view of the answers to interrogatories and responses to requests for admissions filed subsequent to the grounds of defense and particularly in view of the answers to interrogatories dated December 15, 1966. The plaintiff urges the Court to grant judgment in the aforesaid amount because of the provision of the last sentence in Code Section 8-511 which provides:

> If the *defendant's plea admits* that the plaintiff is entitled to recover from the defendant a sum certain less than that stated in the affidavit filed by the plaintiff, judgment may be taken by the plaintiff for the sum *so admitted* to be due, and the case be tried as to the residue. (emphasis added)

The plaintiff argues that the contents of the sworn grounds of defense have been altered by the subsequent answers and responses and, at this stage of the case, the defendant has really admitted that the plaintiff is entitled to judgment for the cost of the articles listed in the answers to interrogatories aforesaid.

The defendant has not admitted, in the writings in the file or in oral argument upon the various motions made by the plaintiff, that the "plaintiff is entitled to recover from the defendant a sum certain less than that stated in the affidavit filed by the plaintiff . . ." within the meaning of the statute.

The intent of the statute is well stated in *Paris v. Brown*, 143 Va. 896, 900 (1925), as follows:

> The statute was intended to prevent continuances, at the instance of defendants, where the grounds thereof were apparently for delay only, and required the plea to be supported by the oath of the pleader as an evidence of his good faith in the merits of his defense. When the requirements have been substantially met the defendant should be given an opportunity to present to the court or jury the facts upon which his plea is based.

*See also Gehl* v. *Baker*, 121 Va. 23 (1917); *Carpenter* v. *Gray*, 113 Va. 518, 522 (1912); and *Grigg* v. *Dalsheimer*, 88 Va. 508, 510 (1891). Even though the form of the statute has undergone change over the years, including the most recent change in 1960, the intent has remained the same.

No case has been found precisely on point of fact with the case under consideration. In *Levitin* v. *Nor. Nat. Bk. of Com. & Tr.*, 163 Va. 694 (1934), however, the defendant's affidavit stated, in effect, that the amount claimed was not due but that "a considerably less sum" was due. The Supreme Court reversed the trial court's action in striking out the defendant's affidavit and in entering judgment for the full amount claimed stating that the defendant had substantially complied with the statute (the form of which did not materially differ from the present form) and, further, that it could not say that "the statement

in the affidavit is a sham one or that it was concocted for the purposes of delay."

Here the sworn grounds of defense denies the allegations of the motion for judgment and (to paraphrase the opinion in *Levitin, supra*) this Court is not prepared to say that the affidavit is a sham one or that it is concocted for the purposes of delay. To so hold would be "to estimate too cheaply integrity under the sanctity of an oath." *Mumford Banking Co.* v. *Farmers Bank,* 116 Va. 449, 456 (1914). This is true even though the defendant admits that certain of the articles "are now located in the inventory of the defendant." Such a statement, in my opinion, does not amount to an admission that the plaintiff *is entitled to recover* from the defendant the amount claimed, within the meaning of the statute.