## Richmond

### James L. Sheets, Louise M. Sheets, Thomas M. Sheets, Doris M. Sheets, Paul R. Sheets and Anna D. Sheets

### v.

### George B. Ragsdale

August 30, 1979.

Record No. 771928.

Present: I'Anson, C. J., Carrico, Cochran, Harman, Poff and Compton, JJ.

*Richard F. Papcun (Eliades, Nye, Gregory and Papcun,* on brief), for appellants.
*William D. Allen, III,* for appellee.

POFF, J., delivered the opinion of the court.

This appeal challenges a default judgment awarding liquidated damages for want of verification of the grounds of defense. The merits of the claim are not at issue.

In the course of a contract action brought by an agency of the Commonwealth against George B. Ragsdale (hereinafter, plaintiff), plaintiff filed a third-party motion for judgment against James L. Sheets, Louise M. Sheets, Thomas M. Sheets, Doris M. Sheets, Paul R. Sheets, and Anna D. Sheets (hereinafter, defendants) alleging that defendants had assumed plaintiff's obligations under the contract. Plaintiff's motion, supported by affidavit verifying the statement of account attached, was served on defendants on September 25, 1975. Defendants' grounds of defense, filed October 9, 1975, was not verified or supported by affidavit. On the day of trial, January 28, 1976, plaintiff filed a motion for default judgment based on defendants' failure to verify their grounds of defense as provided in Code § 8-511 (Cum. Supp. 1975)[1] (now § 8.01-28 (Repl. Vol. 1977)).

---

[1] § 8-511. **When judgment to be given in action upon contract unless defendant appear and deny claim under oath.**—In any action at law on a contract, express or implied, for the payment of money, if the plaintiff file with his motion for judgment or civil warrant an affidavit made by himself or his agent, stating therein to the best of the affiant's belief the amount of the plaintiff's claim, that such amount is justly due, and the time from which plaintiff claims interest, and if a copy of such affidavit together with a copy of any account filed with the motion for judgment pursuant to the provisions of the preceding section (§ 8-510) shall have been served on the defendant at the time a copy of the motion for judgment is so served, he shall be entitled to a judgment on such affidavit and statement of account without further evidence unless the defendant appears and pleads under oath denying that the plaintiff is entitled to recover from the defendant on such claim, in which event plaintiff shall, on motion, be granted a continuance. If the defendant's plea admits that the plaintiff is entitled to recover from the defendant a

The trial judge took plaintiff's motion under advisement and, sitting without a jury, heard evidence on the merits of the claim. On February 3, 1976, one of the defendants, acting for himself and as agent for the others, filed an affidavit verifying their pleading. The trial judge found that the evidence showed that defendants were entitled to judgment on the merits. He ruled, however, that defendants were in default for noncompliance with the verification requirement and, by final order entered October 7, 1977, granted judgment for plaintiff.

Citing Rule 1:10,[2] defendants contend, as they did below, that plaintiff's failure to challenge the verification defect by motion to strike their pleading within seven days after it was filed constituted a waiver of the defect. In support of the trial court's holding that Rule 1:10 is "inconsistent with the obvious intent" of Code § 8-511, plaintiff argues that the statute "sets forth the complete procedure and cannot be affected by Rule 1:10 without destroying the purpose of the statute." We disagree.

■ The purpose of this statute, like that of its ancestors, is to expedite the adjudication of certain claims for the payment of money by preventing the delay that results from the dilatory assertion of sham defenses. *Paris* v. *Brown*, 143 Va. 896, 900, 129 S.E. 678, 679 (1925); *Gehl* v. *Baker*, 121 Va. 23, 28, 92 S.E. 852, 853 (1917); *Carpenter* v. *Gray*, 113 Va. 518, 522, 75 S.E. 300, 301 (1912). That purpose is promoted by the requirement that the defense be solemnized by oath. Plainly, that requirement was imposed for the benefit of the plaintiff. The benefit the statute bestows is not, however, self-executing; it becomes available to the plaintiff only if he elects to claim it and does so in the manner the statute prescribes. Even then, the statutory benefit is not an indefeasible right. The verification requirement "may be waived by [the plaintiff] either expressly or by implication, or he may by his conduct be estopped to take advantage of it." *Lewis* v. *Hicks*, 96 Va. 91, 94, 30 S.E. 466, 467 (1898).[3]

Rule 1:10 expressly provides that the statutory benefit will be

sum certain less than that stated in the affidavit filed by the plaintiff, judgment may be taken by the plaintiff for the sum so admitted to be due, and the case be tried as to the residue.

[2] Rule 1:10. *Verification.*

If a statute requires a pleading to be sworn to, and it is not, or requires a pleading to be accompanied by an affidavit, and it is not, but contains all the allegations required, objection on either ground must be made within seven days after the pleading is filed by a motion to strike; otherwise the objection is waived. At any time before the court passes on the motion or within such time thereafter as the court may prescribe, the pleading may be sworn to or the affidavit filed.

[3] In *Lewis* we held that a plaintiff waived the benefit of the statute when he joined

waived unless the plaintiff claims it timely. The need for such a limitation upon the verification requirement was explained by the Judicial Council in its January 1949 report entitled "Proposed Modifications of Practice and Procedure". Commenting at page 26 upon proposed Rule 14, one of the predecessors of Rule 1:10, the Council said:

"Many statutes require pleadings to be sworn to or affidavits to be filed with pleadings. . . . The requirement of the oath is for the benefit of the plaintiff and can be waived by him. If he insists upon the oath, Rule 14 gives him what he is entitled to, namely the oath, and does not give him what he is not entitled to, namely judgment against the defendant solely because of the oversight of his lawyer."

Reading Code § 8-511 and Rule 1:10 together in light of their respective histories and prevailing case law, we find them fully compatible and complementary. There is nothing novel in the maxim that legal rights are subject to waiver and estoppel. The statute creates only an optional benefit; Rule 1:10 simply defines one mode of waiver.

■ Because plaintiff failed to move to strike defendants' pleading for want of verification within seven days after it was filed, we hold that plaintiff waived the verification requirement and that the trial court erred in granting default judgment. The judgment will be reversed, and, since the trial court found that the evidence showed that defendants were entitled to judgment on the merits, final judgment will be entered here for defendants.

*Reversed and final judgment.*

---

issue upon a plea of the statute of limitations. "Consenting to, or accepting without objection, a continuance of the case, are familiar methods of waiving the provisions of the statute." *Gehl* v. *Baker,* 121 Va. at 27, 92 S.E. at 853.