CIRCUIT COURT OF HENRICO COUNTY

C. E. Estes et al.

v.

Frank Crawley et al.

Case No. A-1531

By JUDGE E. BALLARD BAKER

May 3, 1983

On October 29, 1982, C. E. Estes and Dorothy T. Estes, t/a C. E. Estes Realty filed a warrant in debt, with affidavit attached, against Frank Crawley and Mary Crawley, t/a Hawk's Barbecue, asserting a claim of $5,324.22 with 8% interest from September 14, 1981.

On November 18, 1982, the General District Court gave judgment to Estes in the amount asked. The Crawleys, though served and given notice, were not present and filed no affidavit or other response.

On November 29, 1982, the Crawleys appealed, posting an appeal bond in the amount of $10,650.00 secured by real estate.

In the Circuit Court, Estes filed a motion for "Judgment by Default" (letter and motions of January 7, 1983) or for "Summary Judgment" (Notice of January 28). The motion was set for hearing on April 22. On April 21 the Crawleys filed an affidavit denying indebtedness to Estes. (Whether the motion is for

default judgment or summary judgment is irrelevant to the conclusion this Court reaches.)

Estes contends that Crawley, not having appeared and pled under oath in the General District Court, and judgment having been entered in that Court, cannot on appeal deny to Estes the operation of V.C. 8.01-28. This section entitles the plaintiff who files a claim for money due under contract, with affidavit, judgment unless the defendant appears and files under oath.

The Crawleys contend the appeal is de novo and that the affidavit filed on April 21, 1983, in this Court is sufficient to prevent judgment by default.

Sections 16.1-113 and 16.1-114 apply to a Circuit Court trial of appeals from a General District Court. The appeal is a de novo trial. While the jurisdiction of the Circuit Court is derivative, that is, if the lower court has no jurisdiction of the warrant the Circuit Court has none, still the judgment of the District Court is annulled by the appeal and is not thereafter effective for any purpose. Addison v. Salyer, 185 Va. 644. This does not directly answer the contention of Estes that under 8.01-28 a failure to file an affidavit in the lower court cannot be corrected by taking an appeal and then filing, as such was not the situation in Addison v. Salyer.

Estes cites two cases, Sheets v. Ragsdale, 220 Va. 322, and K-B Corporation v. Gallagher, 218 Va. 381.

Sheets involved a case which was never in a General District Court and stated that the affidavit required of a defendant under what is now 8.01-28 could be waived. The opinion found the statute and Rule 1:10 to be compatible. That case has no application here.

K-B Corporation was a case of an appeal taken by Gallagher to a General District Court judgment in favor of K-B. K-B had filed a counter-claim in the District Court, but no judgment was entered on that claim. The only District Court judgment was for K-B on

Gallagher's claim. In the Circuit Court, K-B was not allowed to prosecute its counter-claim, the Court holding no appeal had been perfected. Gallagher also prevailed on his claim against K-B. K-B appealed both decisions. The Supreme Court held that K-B could not appeal the counter-claim from the District Court because no judgment had ever been entered in that Court on that claim.

K-B Corporation is concerned with the failure of a District Court to enter a judgment. As there was no judgment on K-B's counter-claim, there is nothing on which an appeal can be based.

In this case, the Crawleys did appeal. The appeal destroys the effect of the judgment Estes obtained. Gemmell v. Svea Fire, 166 Va. 95 at 98-99. This does not necessarily mean that the effect of not filing an affidavit is also destroyed.

While no authority precisely on the point raised by Estes has been found or cited, this Court is of the view that Crawley can file an affidavit under 8.01-28 in this Court in the appealed case.

A trial de novo is a brand new trial. On the appeal, the lower court judgment has vanished; it has no legal effect. The appeal presents a new case. To grant Estes's motion is to give effect to the General District Court proceedings, even though the judgment is annulled, and would deny the defendants the benefit of 8.01-28 and Rule 1:10 in this Court.

A judgment in a district court under 8.01-28 is like any judgment. It can be appealed. This Court does not believe that failure to file the affidavit in the district court prevents the filing of the affidavit in this Court on appeal.

In the view of this Court:

(1) The appeal from the General District Court involves a trial de novo;

(2) The General District Court judgment is annulled and is of no effect;

(3) V.C. 8.01-28 and Rule 1:10 apply to the appeal in the Circuit Court just as if the case had been brought in the Circuit Court originally;

(4) The defendants can file an affidavit in the Circuit Court in the appealed case.

This is not a situation where the General District Court would have no jurisdiction over the case as alleged in the Circuit Court. This is an appeal involving the same claim presented to the General District Court whose judgment has now been annulled. On appeal, the case is tried anew and 8.01-28 allows a defendant to ". . . appear and plead(s) under oath . . ." Rule 1:10, a part of "General Rules Applicable to All Proceedings," allows a court to permit an affidavit to be filed.

It follows that the Motion for Judgment by Default is denied. Counsel are requested to submit an Order in accord.

## February 13, 1984

C. E. Estes and Dorothy T. Estes, t/a C. E. Estes Realty brought a warrant in the General District Court against Frank Crawley and Mary Crawley, t/a Hawk's Barbecue, seeking judgment for $5,324.22, with interest from September 14, 1981, for "Balance due on account settlement of lease obligation."

On appeal, discovery permitted by the Rules has been utilized, and motions for summary judgment have been denied. Estes filed a Bill of Particulars on November 28, 1983, and the Crawleys demurred and filed Grounds of Defense on December 8, 1983. At a January 20, 1984, hearing, Estes advanced an alternate basis for recovery, if the defendants are not bound by the settlement agreement, then they remain liable to Estes for delinquent pre-fire obligations under the lease. This was made in writing on January 27, 1984.

The case was heard on the merits on February 10, 1984, with both of Estes's theories of recovery being in the case.

Proceeding in a somewhat unusual manner, neither party presented any witnesses on February 10. Estes relied on material developed in discovery, certain admissions, and argued that these admissions support its position. The Crawleys take a different view.

In this posture, the Court decides the case as the trier of facts solely on the admissions.

Rule 4:11(b) provides that "Any matter admitted under this Rule is conclusively established . . ." with an exception not applicable here. What do the admissions prove?

By lease dated April 1, 1980, Estes, as lessor, leased property on Midlothian Turnpike to "Frank Crawley and Mary Crawley." It appears that there are two persons who use the name "Frank Crawley", father and son. Frank Crawley, the son, signed the lease, along with Mary Crawley, the wife of Frank Crawley, the father.

The leased property was used in the operation of a restaurant, known as Hawk's Barbecue, BBQ, Inc. or Hawks, Inc. Frank, the father and Mary Crawley were the principals in the operation of the restaurant.

A fire occurred in 1981 in the premises. In accord with the lease requirement, Frank the father filed a proof of loss with the insurer, showing BBQ, Inc., and Hawks, Inc., t/a Hawks Barbecue No. 4 as the insured and C. E. Estes Realty as the additional insured.

The insurer issued a draft for $77,000.00 to cover the building loss. This draft was payable to the order of "BBQ, et al. and C. E. Estes Real Estate." On September 14, 1981, Frank, the father, endorsed and delivered the draft to Estes. At the same time, he signed a writing under which Frank Crawley, Mrs. Mary

Crawley, t/a Hawk's Barbecue, BBQ, Inc. and Hawk's Inc., were released from the April 1, 1980, lease upon receipt by Estes of the $77,000.00 draft. The September 14, 1981, agreement also states that "The only item left due and payable to Estes Realty is a check in the amount of $5,824.22". This amount is based upon lease provisions. $500.00 was paid later.

The issue is whether Frank, the son, and Mary Crawley, both of whom signed the lease but neither of whom signed the September 14, 1981, agreement, are bound by the agreement.

Estes asserts that the admissions establish that Frank the father has implied authority, as agent for Frank the son and Mary Crawley, to sign the agreement.

This Court agrees with that position. Frank the son and Mary Crawley signed the lease in their individual capacities, not as officers of any corporation. The evidence establishes that the leased premises were used to conduct a restaurant and that Frank the father and Mary Crawley were the principals. Frank the father and Mary Crawley are thus operating a business on premises leased to Frank the son and Mary Crawley.

A fire occurs. Under the lease, the lessor and lessee have described rights and duties with respect to insurance and the proceeds of any insurance. Pursuant to the lease, insurance was obtained, a proof of loss for the fire was filed by Frank the father, as the insured, and he endorsed the draft. The document on which Estes sues is a product of the handling of the fire claim and loss, and it admits an obligation under the lease signed by Frank the son and Mary Crawley.

Frank the father and Mary Crawley ran the business operated on the premises leased by Frank the son and Mary Crawley. Frank the father acted as the insured, a position he could only assume under the lease.

Frank the son having allowed Frank the father to operate the business under the lease, including comply-

ing with the lease provisions on insurance, cannot now deny that Frank the father is his agent for the operation of the business on the leased premises, including the settlement of the insurance proceeds.

Neither Frank the son nor Mary Crawley have offered any evidence contrary to the admissions.

Judgment for Estes against Frank Crawley and Mary Crawley, t/a Hawk's Barbecue, in the amount of $5,324.22, with interest at 8% per annum from September 14, 1981, has been entered in Case A-1531.

Case A-1514, under the same style, has been dismissed.