## Richmond

HERBERT BROS., INC.

v.

THE MCCARTHY COMPANY OF VIRGINIA-MARYLAND, ET AL.

April 18, 1980.

Record No. 780345.

Present: All the Justices.

*Richard L. Downey (Charles D. T. Lennhoff; Downey & Lennhoff,* on brief), for appellant.

*Edward F. Rodriguez, Jr. (Boothe, Prichard & Dudley,* on brief), for appellee.

No brief or argument for The McCarthy Company of Virginia-Maryland, appellee.

PER CURIAM.

This case involves the interplay between Code § 43-22, one of the mechanics' lien statutes, and Rule 1:10, one of the Rules of this court. Section 43-22 provides that a mechanic's lien may be enforced by a bill in equity with which there shall be filed an itemized statement of account, "the correctness of which account shall be verified by the affidavit of [the complainant], or his agent." In pertinent part, Rule 1:10 provides:

"If a statute requires a pleading . . . to be accompanied by an affidavit, and it is not . . . objection on [this] ground must be made within seven days after the pleading is filed by a motion to strike; otherwise the objection is waived. At any time before the court passes on the motion or within such time thereafter as the court may prescribe, the pleading may be sworn to or the affidavit filed."

In this case, on March 8, 1976, the complainant, Herbert Bros., Inc., in proper time and form, filed mechanic's liens against certain property in Fairfax County then owned by the McCarthy Company of Virginia-Maryland. On June 8, 1976, Gulf Reston, Inc., acquired the property and thereafter bonded off the liens. On September 8, 1976, the complainant filed a bill to enforce its liens. The complainant attached to its bill properly itemized statements of account but failed to verify the correctness of the accounts by affidavit, as required by Code § 43-22.

On September 21, 1976, Gulf Reston was served with the complainant's bill. On October 12, within 21, but more than seven, days after service, Gulf Reston filed a demurrer, asserting that the bill was insufficient in law because the complainant had failed to file with the bill "a verified statement of account as required by VA. CODE ANN. § 43-22." On October 18, the complainant filed an affidavit verifying the correctness of the accounts attached to the bill. More than a year later, on December 9, 1977, the trial court sustained Gulf Reston's demurrer and dismissed the complainant's bill.

On appeal, the complainant contends that Rule 1:10 "supplies a remedy where an affidavit required by statute to be filed with a pleading, is not so filed." The essence of Rule 1:10, the complainant says,

"is that an affidavit required by statute to accompany a pleading is unnecessary unless a timely motion to strike is made." Here, the complainant asserts, Gulf Reston failed to complain within the time prescribed by Rule 1:10, and thus waived any objection it may have had to the lack of an affidavit verifying the correctness of the account. In any event, the complainant argues alternatively, even if Gulf Reston's objection had been timely, the objection would have been overcome by the filing, in accordance with Rule 1:10, of the verifying affidavit before the court acted upon Gulf Reston's demurrer.

On the other hand, Gulf Reston contends that Rule 1:10 "does not apply to the requirements of a verified statement of account in mechanic's lien suits." Gulf Reston does not make clear why it considers Rule 1:10 inapplicable to the type of affidavit involved here. The sum total of its argument is that the Rule applies "to certain factual allegations contained in pleadings, which are not put at issue unless denied under oath by an adverse party, and [does] not apply to the jurisdictional requirement of a statement of account to be filed with a bill of complaint to enforce a mechanic's lien for the purpose of providing information as to the particulars of a claim."

We disagree with Gulf Reston's contention concerning the inapplicability of Rule 1:10 to mechanics' lien suits. Nothing in either Code § 43-22 or Rule 1:10 suggests any reason that the provisions of the Rule should not apply to the affidavit required by the statute. Indeed, we believe that a failure to file the affidavit required by § 43-22 is typical of the situations for which Rule 1:10 was designed to provide a remedy, *viz.*, the avoidance of dismissals, for purely technical defects, of what otherwise might be meritorious claims. *See Sheets* v. *Ragsdale*, 220 Va. 322, 257 S.E.2d 858 (1979).

Accordingly, we hold that, because Gulf Reston failed within seven days of service to object to the absence of a verifying affidavit, it waived the objection. Alternatively, we hold that the complainant's filing of the verifying affidavit before the court acted upon Gulf Reston's demurrer served to overcome the objection.

It follows that the actions of the trial court in sustaining Gulf Reston's demurrer and dismissing the complainant's bill were erroneous. The judgment appealed from, therefore, will be reversed, the complainant's bill will be reinstated, and the cause will be remanded for further proceedings.

*Reversed and remanded.*