## CIRCUIT COURT OF LOUDOUN COUNTY

W. C. Cochran Construction Co., Inc.

v.

University Center
Residential Associates
Limited Partnership et al.

Case No. (Chancery) 13926

BY JUDGE JAMES H. CHAMBLIN

November 30, 1992

On November 6, 1992, the Court heard argument on the motion of University Center Residential Associates Limited Partnership ("University") to dismiss this suit and mechanic's liens of W. C. Cochran Construction Company, Inc. ("Cochran").

For the reasons hereinafter set forth, the motion is denied.

Cochran recorded its memoranda of mechanic's liens claimed as a general contractor in May 1991. The same month the liens were bonded off by University, the owner of the property. In October 1991, Cochran filed this suit to enforce the liens. In January 1992 this suit was consolidated with nine other suits to enforce mechanic's liens on the same property and referred to a Commissioner in Chancery.

In April 1992 counsel for Cochran filed a motion for leave to withdraw as counsel. In the motion counsel stated that Cochran did not wish to continue prosecution of this suit. By decree entered May 1, 1992, counsel for Cochran was granted leave to withdraw. Since that date Cochran has not retained new counsel and has done nothing to prosecute this suit. Additionally, its authority to conduct business in Virginia was revoked by the State Corporation Commission on September 1, 1992.

Although subcontractors have brought separate suits to enforce their mechanic's liens, some have sought to perfect their liens under Section 43–18 (lien of general contractor to inure to benefit of subcontractor).

Mechanic's lien litigation is tedious and often complex. The law is not completely clear and evolving every day as evidenced by the recent decisions of the circuit courts of northern Virginia and the Supreme Court.

The present motion rests in the discretion of this Court. Not knowing exactly what legal issues will arise in the future in this and the other consolidated suits and it being that the claims of some subcontractors could depend upon the claim of Cochran, I am hesitant to dismiss Cochran's suit at this time. An unreasonable delay by Cochran in prosecuting its mechanic's liens could result in Cochran's being unable to enforce its liens. However, this is an issue which must be initially addressed by the Commissioner in Chancery.

### July 21, 1993

After consideration of the argument of counsel on July 20, 1993, the Motions of University Center Residential Limited Partnership to Dismiss the Bills of Complaint filed by Benjamin Paredes in Chancery No. 13962, Rene Hernandez in Chancery No. 13957, Jarosz Construction, Inc., in Chancery No. 13961, Jack W. Arthur in Chancery No. 13960, Jose Alvarez in Chancery No. 13958 and R. J. Thomas Enterprises in Chancery No. 13959, all of which were consolidated with certain other causes and referred to Deborah C. Welsh, Commissioner in Chancery, by decree entered January 6, 1992, are all granted, and the Bills of Complaint of each aforesaid mechanic's lienor are dismissed.

In each cause the mechanic's lienor did not file a statement of account as required by Section 43–22. The memoranda were filed on May 1, 1991, and the suits were filed on October 31, 1991. Therefore, the six months limitation period of Section 43–17 has expired. Each bill of complaint lacks a necessary element, i.e. the statement of account, absolutely required to be filed with the bill of complaint by Section 43–22. The statute is mandatory. It is an integral part of the statutory process of the enforcement of a mechanic's lien. If the statement of account was not filed with the bill of complaint within the six month limitation period, then the defect is jurisdictional, the procedural prerequisites to enforcement have not all been met, the require-

ments of Section 43–22 have not been met and no amendment can cure the deficiency. As such, it is subject to attack at any time during the pendency of the litigation. The filing of statements of account on July 20, 1993, comes too late.

This is not a question of the sufficiency of a statement of account as in *Knight* v. *Ferrante*, 202 Va. 243 (1960), or the failure to file the affidavit that must accompany the statement of account as in *Herbert Brothers* v. *McCarthy Co.*, 220 Va. 907 (1980), because here there is a total lack of a statement of account and affidavit.

Although in Virginia the provisions of the mechanic's lien enforcement statutes are to be liberally construed, *American Standard Homes Corp.* v. *Reinecke*, 245 Va. 113 (1993), I am of the opinion that the basic statutory requirements must first be met before a court should consider whether a mechanic's lienor has sufficiently met the requirements. To accept the mechanic's lienors' argument would require this Court to ignore a statutory prerequisite to enforcement of a mechanic's lien.