## CIRCUIT COURT OF WARREN COUNTY

Orndorff Masonry, Inc.

v.

Fox-Seko Construction Co., Inc., et al.

March 18, 1996

Case No. (Law) 95-317

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on the demurrers of the defendant general contractor and bonding company to a suit to enforce a mechanics' lien against a bond posted pursuant to Virginia Code § 43-71. Defendants demurred to the Bill of Complaint on the ground that the Plaintiff failed to include an itemized statement of account with its pleading as required by Virginia Code § 43-22. Upon consideration of the memoranda and argument of the parties, the Court has made the following decision to sustain the demurrers and to grant the Plaintiff's motion to amend.

### I. *Statement of Material Facts*

The following facts are set forth in the pleadings in this case.

Plaintiff claims that in November or December 1994, it entered into an oral contract with Fox-Seko to furnish concrete block, brick, and other masonry services for the construction of a church on Browntown Road in Front Royal, Virginia.

On May 25, 1995, the Plaintiff filed a mechanics' lien to secure the payment of the sum of $49,200 which it alleges that it is due. A bond has been substituted for the real property of the church pursuant to Virginia Code § 43-71, and this is a suit against the general contractor and the bonding company.

This suit was filed on October 27, 1995, which was within six months of the filing of the mechanics' lien. The Plaintiff's motion to amend was filed January 29, 1996, which is more than six months after the filing of the mechanics' lien.

The Defendants have demurred to the Motion for Judgment, which technically should have been a Bill of Complaint, on the grounds that the Plaintiff failed to attach to its pleading an itemized statement of account, duly verified as correct, as required by Virginia Code § 43-22.

## II. *Conclusions of Law*

In considering a demurrer, the Court must apply "the settled rule that a demurrer admits the truth of all well-pleaded material facts. All reasonable inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading." *Russo v. White*, 241 Va. 23, 24, 400 S.E.2d 160 (1991), quoting *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373 (1988).

While the statutes governing the filing and perfection of mechanics' liens are strictly construed, *Wallace v. Brumback*, 177 Va. 36, 39-40, 12 S.E.2d 801 (1941), the mechanic's lien statutes prescribe no procedure for the enforcement of the lien. A suit to enforce a mechanics' lien is conducted as a suit to subject property to the payment of liens and is subject to the general rules governing suits in equity. *Monk v. Exposition Corp.*, 111 Va. 121, 68 S.E. 280 (1910). *See generally* Virginia Code §§ 8.01-97 and 8.01-98.

Virginia Code § 43-22 provides as follows:

> The liens created and perfected under this chapter may be enforced in a court of equity by a bill filed in the county or city wherein the building . . . is situated . . . . *The plaintiff shall file with his bill an itemized statement of his account, showing the amount and character of the work done or materials furnished, the prices charged therefor, the payments made, if any, the balance due, and the time from which interest is claimed thereon, the correctness of which account shall be verified by the affidavit of himself, or his agent.* [Emphasis added.]

Plaintiff did not file an itemized statement of its account verified by affidavit as required by this statute, but has lodged an "Affidavit/Statement of Account" in the papers in this cause along with a Motion to Amend.

The Supreme Court of Virginia has repeatedly stated that the "statutory provisions involving enforcement of mechanics liens are remedial in nature and are to be liberally construed." *Thompson v. Air Power, Inc.*, 248 Va. 364, 376 (1994). "[T]he provisions with respect to its enforcement [a mechanics' lien] should be liberally construed." *American Standard Homes Corp. v. Reinecke*, 245 Va. 113, 119, 425 S.E.2d 515 (1993), quot-

ing with approval *Francis v. Hotel Rueger,* 125 Va. 106, 121, 99 S.E. 690 (1919). The failure to include the verified itemized account does not rise to the level of a jurisdictional defect. *See, e.g. Knight v. Ferrante,* 202 Va. 243, 117 S.E.2d 283 (1960) (inadequate statement of account); and *Herbert Bros. v. McCarthy Co.,* 220 Va. 907, 265 S.E.2d 685 (1980) (lack of affidavit). If a verified statement of account was jurisdictional, its absence in *Herbert, supra,* would have been fatal as the Plaintiffs argue in this case, and the Supreme Court would not have applied Supreme Court Rule 1:10 to prevent dismissal of the suit to enforce the mechanics' lien. The purpose of Rule 1:10 and Rule 1:8 are to "avoid dismissals, for purely technical reasons, of what otherwise might be meritorious claims." *Herbert* at 909 (speaking of Rule 1:10). The failure to include the statutorily required verified statement of account makes the bill of complaint demurrable, but it does not mandate dismissal. Supreme Court Rule 1:8 specifically provides that: "Leave to amend shall be liberally granted in furtherance of the ends of justice." *But see Allwine & Assoc. v. Scott-Long Const., Inc.,* 31 Va. Cir. 46 (Loudoun 1993); and *Cochran Const. Co. v. University Ctr.,* 31 Va. Cir. 548 (Loudoun 1992).

In *Neff v. Garrard,* 216 Va. 496, 219 S.E.2d 878 (1975), the contractor filed a suit to enforce his mechanics' lien and inadvertently identified the wrong lien in his Bill of Complaint and proffered an amendment identifying the second lien. The second lien was identical to the first except that the second added the name of the owner's wife who had an inchoate dower interest in her husband's property. While both memorandum and mechanics' liens were timely filed, the Bill of Complaint was not filed within six months from the date of the lien on which it was based. The trial court denied the plaintiff's motion to amend his bill of complaint, and, while that decision was affirmed by the Supreme Court, it based its decision on the general rules governing the amendment of pleadings in equity and stated:

> "If the amendment sets up no new cause of action or claim, and makes no new demands, but simply varies and expands the original cause of action, *the amendment relates back to the commencement of the action* and stops the running of the statute [of limitations] as that date . . . ." *Id.* at 498 quoting *Burks' Pleading and Practice* § 235, at page 412-413 (4th ed. Boyd 1952). [Emphasis added.]

The *Neff* Court affirmed the dismissal because the amendment introduced a new and different right of action, and, therefore, did not relate back.

In the case at bar, the sufficiency of the underlying lien is not challenged, the proposed amendment does not change the right of action nor add new parties, so the Court will grant the Motion to Amend, even though it was filed more than six months after the filing of the Plaintiff's mechanics' lien, and the amendment will relate back to the date of the filing of the suit.

While not technically before the Court, as the defendants observed in their reply memorandum, the lodged statement of account does not comply with the provisions of Virginia Code § 43-22, because it does not state the date from which interest runs and provides no particularization of "the amount and character of the work done or materials furnished." *See Knight v. Ferrante*, 202 Va. 243, 247-248, 117 S.E.2d 283 (1960).

Virginia Code § 43-22 requires that mechanics' liens be enforced by a Bill in Equity, and the Plaintiff has filed a law action. Therefore, the Court will transfer this case to its chancery docket pursuant to Virginia Code § 8.01-270.

### III. *Decision*

For the foregoing reasons, it is adjudged and ordered that:

1. The Defendants' demurrers are sustained.

2. The Defendants' Motions to Dismiss are denied.

3. The Plaintiff's Motion to Amend is granted, and within twenty-one days of receipt of a copy of this order, the Plaintiff shall file an Amended Bill of Complaint along with an itemized statement of account and affidavit which comply with the specific provisions of Virginia Code § 43-22, which require a detailed statement of account. The Defendants shall file such response thereto as deemed advisable within fourteen days of their receipt of the Amended Bill of Complaint.

4. This case is transferred to the chancery docket of this Court.